LEONARDO MARTINEZ, Petitioner, *v.* EIGHTH JUDI-CIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR CLARK COUNTY, AND MICHAEL J. WENDELL, DISTRICT JUDGE, Respondents.

No. 17482

December 15, 1986                    729 P.2d 487

*Leonardo Martinez,* Las Vegas, In Proper Person.

*Robert J. Miller,* District Attorney, Clark County; *Crowell, Crowell, Crowell & Susich,* and *Daniel L. O'Brien,* Carson City; *Jeffrey Eskin,* Las Vegas, for Respondents.

---

## OPINION

*Per Curiam:*[1]

This original petition for a writ of mandamus challenges an order of the district court denying petitioner's motion for leave to be represented by an agent other than counsel. Petitioner contends that NRS 612.705(2) gives him an absolute right to be represented by a non-attorney agent in a proceeding before a court of law. We disagree.

Petitioner's employment was terminated and he sought unemployment benefits through the usual administrative processes. Having failed to prevail before the Employment Security Department, petitioner sought judicial review. Petitioner moved the district court for leave to proceed in proper person and the district court granted the motion. Petitioner then moved the district court for leave to be represented by an agent other than counsel pursuant to NRS 612.705(2). The district court initially granted this motion. However, on motion of the Employment Security Department, the district court vacated its order allowing petitioner to be represented by a non-attorney agent, and issued an order denying petitioner's motion to be represented by an agent other than counsel. Petitioner now asks this court to order the district court to allow him to be represented by a non-attorney agent.

NRS 612.705(2) (emphasis added) provides:

> Any individual claiming benefits in any proceeding before the executive director or the board of review, or his or its representatives, *or a court, may be represented by counsel or other duly authorized agent,* but no such counsel or agents shall either charge or receive for such services more than an amount approved by the board of review.

This statute does not prescribe who may represent a client; it merely provides that any "duly authorized agent" may collect a fee only as allowed by the board of review. In a court of law, only a licensed attorney may be duly authorized to represent a client. *See* SCR 77; NRS 7.285. Therefore, petitioner has no right to be represented by an agent other than counsel in a court of law. We have reviewed petitioner's remaining contentions, and we conclude that they lack merit. Accordingly, we conclude that our

---

[1]This petition was originally disposed of in an unpublished order. Upon motion of the respondents, we have determined that our decision should be issued in a published opinion. Accordingly, we hereby issue this opinion in place of our Order Denying Petition for a Writ of Mandamus filed September 2, 1986.

intervention at this time by way of extraordinary writ is not warranted, and we deny the petition. *See* NRAP 21(b).[2]

_____
[2]In light of this disposition, we deny as moot petitioner's motion for leave to proceed in proper person.