OPINION
 

 Per Curiam:
 

 On March 21, 1994, A.R. Salman, Trustee of the Tuesday Company and Wednesday Company, filed a complaint to quiet title against Lucinda Newell, executrix of the estate of Wilma Winters. The complaint was signed by “A.R. Salman Trustee of the Tuesday Company and the Wednesday Company.” On April 13, 1994, Newell, through her attorney, filed a motion to dismiss the complaint. Salman opposed the motion. On April 28, 1994, Newell filed a reply to Salman’s opposition. Newell argued that the complaint must be dismissed because the action was frivolous and “nothing more than an end run around the judgment entered [in a different district court action.]” Newell also argued that the complaint should be dismissed because neither of the plaintiff companies are legitimate Nevada corporations and neither are legitimately qualified, as foreign corporations, to do business in this state. Newell further argued that the complaint must be dismissed because Washoe District Court Rule 23(5) prohibits corporations from appearing in proper person and because Salman, who is not a lawyer, may not represent the corporations.
 

 In response, Salman filed a “notice of clarification.” In this notice, Salman claimed that the Tuesday Company and Wednesday Company are not corporations, but rather are trusts. Salman
 
 *1335
 
 claimed that because the companies are trusts he could represent them, even though he is not an attorney. On August 3, 1994, the district court granted Newell’s motion to dismiss. This appeal followed.
 

 The Tuesday Company and Wednesday Company are not represented by counsel in this appeal. On September 8, 1994, we issued an order which stated the following:
 

 It appears that A.R. Salman has attempted to appear in this appeal in proper person as the representative of the Tuesday Company and the Wednesday Company. In a court of law, only a licensed attorney may represent a client.
 
 See
 
 Martinez v. District Court, 102 Nev. 561, 729 P.2d 487 (1986). Neither a corporation nor a trust may proceed in proper person. Jones v. Niagara Frontier Transp. Auth., 722 F.2d 20 (2d Cir. 1983).
 

 Accordingly, the Tuesday Company and the Wednesday Company shall have thirty (30) days from the date of this order within which to retain counsel to represent them in this appeal, and to enter counsel’s appearance with the clerk of this court.
 
 See
 
 NRAP 46(a). . . . We caution the Tuesday Company and the Wednesday Company that their failure to comply with this order may result in the immediate dismissal of this appeal.
 

 On September 20, 1994, we received Salman’s response to our order. Salman objects to our statement that he is appearing in proper person and insists that he is appearing as “trustee,” not in proper person. Salman also objects to our statement that “[i]n a court of law, only a licensed attorney may represent a client.” Salman suggests that this conclusion is incorrect because it is premised on NRS 7.285, and that statute was never passed by the legislature. Salman requests that we rescind our order and allow him, as trustee, to file written briefs and papers in this action.
 

 Salman is not authorized to represent the Tuesday Company or the Wednesday Company, either in the district court or in this court. NRS 7.285 provides that “[n]o person shall practice law in this state unless he is an active member of the State Bar of Nevada pursuant to the rules of the supreme court.” The statute further provides that any person who practices law who is not an active member of the State Bar of Nevada is guilty of a misdemeanor. Contrary to Salman’s assertion, NRS 7.285 was enacted by the legislature.
 
 See
 
 1963 Nev. Stat., ch. 229, § 5 at 385. Further, SCR 77 provides that, with certain inapplicable exceptions, no person may practice law as an officer of the courts in this state who is not an active member of the state bar.
 

 “The public interest . . . requires that in the securing of
 
 *1336
 
 professional advice and assistance upon matters affecting one’s legal rights one must have assurance of competence and integrity and must enjoy freedom of full disclosure with complete confidence in the undivided allegiance of one’s counsellor in the definition and assertion of the rights in question.” Pioneer Title v. State Bar, 74 Nev. 186, 189-90, 326 P.2d 408, 410 (1958);
 
 see also
 
 Jones v. Niagara Frontier Transp. Auth., 722 F.2d 20 (2d Cir. 1983).
 

 Although a person is entitled to represent himself or herself in the district court,
 
 see
 
 SCR 44 (“[n]othing in these rules shall be so construed as to prevent any person from appearing in his own behalf in any court in this state except the supreme court”), no rule or statute permits a person to represent any other person, a company, a trust, or any other entity in the district courts or in this court.
 

 We conclude that Salman may not represent the Tuesday Company or the Wednesday Company in either the district court or this court. We further conclude that neither the Tuesday Company nor the Wednesday Company may proceed in proper person in this court. Because the Tuesday Company and the Wednesday Company refuse to obtain counsel to represent them, we dismiss this appeal.
 
 [1]
 

 [1]
 

 We offer no opinion as to the validity of the Tuesday Company and Wednesday Company trusts.
 
 See
 
 NRS 163.004 (“A trust may be created for any purpose that is not illegal or against public policy.”).