J. MICHAEL SUNDE AND WESTCOM LONG DISTANCE, INC., A NEVADA CORPORATION, APPELLANTS, *v.* CONTEL OF CALIFORNIA, A CALIFORNIA CORPORATION, DOING BUSINESS IN NEVADA AS CONTEL OF NEVADA, RESPONDENT.

No. 26928

May 1, 1996                                    915 P.2d 298

*J. Michael Sunde,* In Proper Person, Reno, for Appellants.

*Allison, MacKenzie, Hartman, Soumbeniotis & Russell, Ltd.,* Carson City, for Respondent.

# OPINION

*Per Curiam:*

## *FACTS*

On November 18, 1991, appellant Westcom Long Distance, Inc. filed a complaint through counsel against respondent Contel of California. Westcom asserted numerous causes of action including unfair trade practices, interference with prospective economic advantage and slander. On March 16, 1992, Westcom's counsel filed a substitution of counsel in the district court. Counsel consented to allow appellant J. Michael Sunde to be substituted in his place. Sunde, a non-lawyer, is the president of Westcom.

Contel objected to the substitution and contended that Sunde could not represent Westcom because a corporation cannot appear in proper person and Sunde was not authorized to practice law. The district court stayed the proceedings until Westcom and Sunde retained counsel. The district court noted that Sunde could represent his own interests but that he could not represent Westcom's.

Sunde did not obtain counsel for himself or for Westcom; instead, he filed a motion to add himself as a plaintiff to the complaint. In the motion, Sunde explained that as president of Westcom, he had assigned Westcom's rights under the complaint to himself.

Contel opposed Sunde's motion to add himself as a plaintiff. On January 7, 1993, the district court ruled that Sunde could add himself as a party to the complaint to represent his own interests and those of Westcom.

The case proceeded to a bench trial which lasted from May 9, 1994, to June 1, 1994. The district court granted judgment in favor of Contel and rejected all of the claims in Sunde's and Westcom's complaint. This appeal followed.

On April 28, 1995, Contel filed a motion in this court to order Sunde and Westcom to obtain counsel in this appeal. Sunde opposes the motion.

## *DISCUSSION*

Non-lawyers generally may not represent another person or an entity in a court of law. Rowland v. California Men's Colony, 506 U.S. 194, 201, 113 S. Ct. 716, 721 (1993). Some courts have allowed non-lawyers to represent entities in court under certain circumstances. *See, e.g.,* Vermont ANR v. Upper Valley Reg. Landfill, 621 A.2d 225, 228 (Vt. 1992). This court, however, has

consistently required attorneys to represent other persons and entities in court. Salman v. Newell, 110 Nev. 1333, 885 P.2d 607 (1994); Pioneer Title v. State Bar, 74 Nev. 186, 189-90, 326 P.2d 408, 410 (1958); *see also* NRS 7.285 (no person allowed to practice law in Nevada unless admitted to State Bar).

Sound policy reasons support requiring entities to be represented only by licensed counsel:

> [The reasons] are principally that the conduct of litigation by a nonlawyer creates unusual burdens not only for the party he represents but as well for his adversaries and the court. The lay litigant frequently brings pleadings that are awkwardly drafted, motions that are inarticulately presented, proceedings that are needlessly multiplicative. In addition to lacking the professional skills of a lawyer, the lay litigant lacks many of the attorney's ethical responsibilities, *e.g.* to avoid litigating unfounded or vexatious claims.

Jones v. Niagara Frontier Transp. Auth., 722 F.2d 20, 22 (2nd Cir. 1983). Requiring attorney representation also protects the public by helping to ensure that its interests are competently litigated. Margaret Maunder Associates v. A-Copy, Inc., 499 A.2d 1172, 1174 (Conn. Super. 1985).

We grant Contel's motion to require Westcom to be represented by counsel in this appeal, and we deny Sunde's motion to proceed in proper person. Westcom shall have thirty (30) days from the date of this order within which to retain counsel to represent it in this appeal, and to enter counsel's appearance with the clerk of this court. *See* NRAP 46(a). Counsel for Westcom shall have thirty (30) days from the date counsel enters an appearance within which to file the opening brief. Briefing shall then proceed in accordance with NRAP 31(a)(1). We caution appellants that failure to comply with this order will result in the immediate dismissal of this appeal.