HAROLD D. GUERIN, Appellant, *v.*
TRACY O. GUERIN, Respondent.

No. 27042

TRACY O. HILL and THE HILL FAMILY TRUST, Petitioners, *v.* THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, In and for the County of Clark, THE HONORABLE FRANCES–ANN FINE, District Judge, Family Court Division, and GARY D. LANG, Receiver, Respondents, and HAROLD D. GUERIN, THOMAS M. GUERIN and TERAN ANN DAVIS, Real Parties in Interest.

No. 28354

TRACY O. GUERIN, Now by Marriage TRACY O. HILL, Appellant, *v.* HAROLD D. GUERIN, Respondent.

No. 29297

February 26, 1998                    953 P.2d 716

[Rehearing denied April 13, 1998]

*Law Offices of Daniel Marks* and *Adam Levine,* Las Vegas, for Harold D. Guerin, Thomas M. Guerin, and Teran Ann Davis.

*Beckley, Singleton, Jemison & List,* and *Daniel F. Polsenberg, Susan Centeno,* and *Elizabeth N. Farley,* Las Vegas; *Patrick C. Clary,* Las Vegas, for Tracy O. Guerin now Tracy O. Hill.

*Jack G. Perry,* Las Vegas, for The Hill Family Trust.

## OPINION

*Per Curiam:*

This court consolidated three cases due to the similarity of the underlying facts and circumstances.

On February 16, 1993, Tracy O. Guerin ("Tracy") filed a complaint for divorce in Clark County District Court after more than fifteen years of marriage to Harold D. Guerin ("Harold"). Harold did not defend the action. On July 29, 1993, the Clark County Clerk of Court entered a default against Harold. At the September 1, 1993 prove-up hearing, Tracy testified regarding the assets held by the parties, basically asking for an equal division of assets, including the assets in the Guerin Family Trust. The district court entered a default decree of divorce which awarded Tracy over $1.3 million in assets. Harold received more than $1.4 million in assets.

On October 7, 1994, Harold filed a complaint against Tracy in Clark County District Court ("district court action") alleging fraud, negligent misrepresentation, breach of fiduciary duty as trustee, and breach of fiduciary duty based on the divorce action. Harold alleged that during their marriage, he and Tracy had created the "Guerin Family Trust," composed of two separate "subtrusts"; subtrust I contained the parties' community property, and subtrust II contained their separate property. Harold

alleged that he was the sole contributor to subtrust II and thus all property placed therein was his separate property. Harold's causes of action were based on the allegation that Tracy's failure to make the family court aware of these alleged facts resulted in an unfair property division.

On November 29, 1994, Harold filed a motion in family court to set aside the divorce decree as void. On March 8, 1995, the district court entered an order denying Harold's motion to set aside the divorce decree and, "upon stipulation of the parties," consolidating the district court action with the family court divorce proceeding ("consolidated actions"). Harold appeals the denial of his motion to set aside the divorce decree.

On July 10, 1995, Harold filed a motion for a preliminary injunction enjoining Tracy from disposing of assets formerly held in the Guerin Family Trust. In this motion, Harold alleged that Tracy concealed and disposed of the former subtrust II assets. The district court granted Harold's motion, imposed a preliminary injunction, and appointed a receiver to manage the former trust assets pending a final resolution of the consolidated actions. Tracy then filed motions to remove the injunction and the receiver; the district court denied both of these motions. Tracy has appealed from the order denying her motions.

In early 1996, Harold alleged that Tracy was violating the district court injunction by depositing former subtrust II assets in the Hill Family Trust and by refusing to turn over assets to the receiver. On April 8, 1996, the district court issued a bench warrant for Tracy's arrest for contempt and ordered the transfer of certain assets from the Hill Family Trust (a trust created by Tracy and her new husband, Charles Hill ("Hill")) to the receiver. Tracy filed a notice of appeal challenging this contempt order.

On April 10, 1996, Tracy and the Hill Family Trust filed a petition for writ of prohibition and mandamus with this court seeking to: (1) prohibit the district court from enforcing the injunction and subsequent orders precluding Tracy from disposing of assets formerly held in the Guerin Family Trust; (2) prevent the district court from holding Tracy in contempt; (3) prohibit the receiver from exercising unlawful and excessive powers; (4) remove the receiver; and (5) prohibit the district court from exercising jurisdiction over assets of the Hill Family Trust and directing that the Hill Family Trust turn over assets of that trust to the receiver.

On April 15, 1996, Harold amended his complaint in the district court action, joining Charles Hill and the Hill Family Trust as party defendants.

On April 17, 1996, this court issued an order staying all

proceedings in the consolidated actions and directing the district court to take no action to enforce any of its existing orders pending further order of this court. On April 24, 1996, this court ordered that the family court's injunction and orders concerning the properties remain in effect. Our order also enjoined the parties from disposing of or transferring out of the country any property that might be the subject of the consolidated actions.

## DISCUSSION

*Docket No. 28354 (Petition for Writ of Prohibition and Mandamus)*

A writ of prohibition may issue to arrest proceedings of a district court exercising its judicial functions when those proceedings are in excess of the jurisdiction of that court. NRS 34.320. Such a writ may issue only when there is no plain, speedy, and adequate remedy at law. NRS 34.330.

A writ of mandamus is available to compel the performance of an act which the law requires as a duty resulting from an office, trust or station, or to control an arbitrary or capricious exercise of discretion. NRS 34.160; Round Hill Gen. Imp. Dist. v. Newman, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981). A writ of mandamus shall only issue when there is no plain, speedy, and adequate remedy in the ordinary course of law. NRS 34.170. Whether a writ petition will be entertained lies within the sound discretion of this court. State ex rel. Dep't Transp. v. Thompson, 99 Nev. 358, 360, 662 P.2d 1338, 1339 (1983).

Tracy and the Hill Family Trust have raised four issues in this writ petition. These issues, as well as petitioners' associated arguments, are repeated in the briefs filed in the appeal in Docket No. 29297. We conclude that three of these issues, specifically those challenging the validity of the injunction, the contempt order, and the receiver, are appealable and thus not appropriately considered in a writ petition. *See* NRAP 3A(b)(2) (providing that orders refusing to vacate an order appointing a receiver and refusing to dissolve an injunction are independently appealable); Awad v. Wright, 106 Nev. 407, 794 P.2d 713 (1990) (hearing on direct appeal or challenge to district court order holding in contempt a party in divorce action). Accordingly, we decline to entertain the writ petition as to these three issues. *See Thompson,* 99 Nev. at 360, 662 P.2d at 1339.

We conclude, however, that review of the fourth issue, whether

the district court erroneously exercised jurisdiction over the Hill Family Trust, is properly conducted by way of writ proceedings. *See* Gladys Baker Olsen Fam. Trust v. Olsen, 109 Nev. 838, 858 P.2d 385 (1993). Thus, we elect to entertain the writ petition on this issue alone.

Tracy contends that the district court lacked jurisdiction over the Hill Family Trust at the time it ordered the transfer of assets from the Hill Family Trust to the receiver. Consequently, Tracy argues that the transfer order was invalid under Olsen Family Trust v. District Court, 110 Nev. 548, 874 P.2d 778 (1994) (*"Olsen II"*).

In *Olsen II*, Olsen's wife obtained a divorce decree, but was unsuccessful in satisfying the judgment against him. *Id.* at 549, 874 P.2d at 779. Several years later, a trust, established by Olsen's mother, purchased a home and permitted Olsen to live there rent free. Olsen also borrowed funds from the trust to purchase a car. Olsen's ex-wife then sought a writ of execution against the home and car to satisfy the outstanding judgment against Olsen. The district court issued an order which, *inter alia,* permitted Olsen's ex-wife to execute a lien against the home and car, both legally owned by the trust. *Id.* at 551, 874 P.2d at 780.

This court reversed the order of the district court on the basis that Olsen's ex-wife's failure to join the trust as a party was fatal to the action. *Id.* at 554, 874 P.2d at 782. We explained that all persons or entities materially interested in the subject matter of a lawsuit must be made parties so that the court may issue a decree sufficient to bind them all. *Id.* at 553, 874 P.2d at 781. "Joinder . . . rather than knowledge of a lawsuit and an opportunity to intervene, is the method by which potential parties are subjected to the jurisdiction of the court . . . ." *Id.* Accordingly, we held that district court orders affecting the rights of an indispensable person or entity, who has not been properly joined, are rendered void as to that nonparty. *Id.* at 554, 784 P.2d at 782.

Here, on April 8, 1996, the district court ordered "Tracy O. Hill and/or the Hill Family Trust" to transfer certain assets formerly belonging to the Guerin Family Trust to the receiver. Since Tracy was a party to the consolidated actions, the district court clearly possessed proper authority to order Tracy to turn over assets to the receiver. However, the Hill Family Trust did not become a named party to the actions until April 15, 1996. Because the Hill Family Trust was not a party prior to the issuance of the April 8 order, we conclude that the district court order is void under *Olsen II* insofar as it affects the rights of the Hill Family Trust. Accordingly, we direct the clerk of this court

to issue a writ of prohibition precluding the district court from enforcing its order of April 8, 1996, to the extent that it affects the Hill Family Trust. *See id.; see also* NRCP 19(a).[1]

*Direct appeal from order refusing to set aside divorce decree (Docket No. 27042)*

Harold contends that the district court erred in refusing to set aside the property division contained in the divorce decree under NRCP 60(b).[2] We agree.

NRCP 55(b)(2) provides that a party seeking a judgment by default must give the opposing party or his representative written notice at least three days before the hearing on the application for judgment. Tracy gave Harold and his attorney only twenty-four hour's notice. Harold's attorney entered a special appearance at the prove-up hearing protesting the lack of sufficient notice, but the district court proceeded with the hearing and entered the judgment sought by Tracy. When a defendant has made an appearance in an action, the failure to give the notice prescribed by NRCP 55(b)(2) renders a subsequent default judgment void. Gazin v. Hoy, 102 Nev. 621, 624, 730 P.2d 436, 438 (1986). For purposes of NRCP 55(b)(2)'s notice requirement, a formal appearance in the case is not necessary. *Id.* Although Tracy clearly knew that a local attorney represented Harold, she failed to send him notice at least three days before the hearing, as required.

Accordingly, we reverse the order of the district court which refused to set aside the decree of divorce, and we remand this matter to the district court with instructions to grant Harold's motion. We decline to address the remaining issues raised by Harold in his appeal.[3]

---

[1]NRCP 19(a) provides, in pertinent part:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest . . . .

[2]NRCP 60(b) provides, in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: . . . (3) the judgment is void . . . .

[3]We also deny the motion Harold filed with this court requesting an order to show cause why Tracy should not be held in contempt for violating this court's injunction. Because the district court injunction remained in force

We also vacate in their entirety our prior stay orders, but note that the district court's injunction remains in full force until the district court determines that it is unnecessary.

*Direct appeal from orders imposing an injunction, appointing a receiver, and holding Tracy in contempt (Docket No. 29297)*

Tracy contends that the district court lacked the proper authority to hold her in contempt of court because the injunction precluding the parties from disposing of assets formerly contained in the Guerin Family Trust was improper.

In light of the evidence Harold presented that Tracy was hiding assets and our determination that the district court erred in refusing to set aside the decree of divorce, we conclude that the district court did not abuse its discretion in issuing an injunction. *See generally* Franklin v. Bartsas Realty, 95 Nev. 559, 562, 598 P.2d 1147, 1149 (1979) (holding that preliminary injunctions are reviewed for an abuse of discretion and will not be disturbed when supported by substantial evidence).

On April 3, 1996, the district court held Tracy in contempt of court for failure to abide by a previous order. The previous order required Tracy, pursuant to the injunction, to deposit $54,000.00 in contested marital assets with the receiver and deposit $5,721.23 for the payment of receiver's fees and costs. On April 9, 1996, after Tracy failed to purge her contempt by depositing those assets with the receiver, the district court issued a bench warrant for Tracy's arrest. Because Tracy clearly did not comply with the district court's orders, we conclude that the district court's decision to hold Tracy in contempt did not constitute an abuse of discretion. *See* Noble v. Noble, 86 Nev. 459, 463, 470 P.2d 430, 432 (1970) (holding that courts have inherent power to protect and defend their decrees by way of contempt proceedings); EDCR 7.60(b)(5). We conclude that Tracy's remaining contentions lack merit.

## CONCLUSION

We reverse the judgment in Case No. 27042 and remand the case to the district court for further proceedings consistent with this opinion. We grant the petition in Case No. 28354 to the extent that the district court's orders affected the Hill Family Trust. We affirm the orders of the district court in Case No. 29297.

during the pendency of this action, the district court should determine on remand whether Tracy's actions after we issued our stay orders violated the district court injunction.