OPINION
 

 Per Curiam:
 

 This is a proper person appeal from a second amended divorce decree, an order directing appellant Tracy O. Hill (formerly Tracy
 
 *212
 
 O. Guerin) to effect the transfer of certain real property in Mexico to respondent Harold D. Guerin and to appear in the district court to demonstrate full compliance with its orders, and an order sanctioning Ms. Hill for contempt of court. Upon respondents’ motion, we dismiss appellant Tracy Hill’s appeal under the fugitive disentitlement doctrine because she has flaunted the authority of the district court. We also dismiss the appeal of the Hill Family Trust because its notice of appeal is defective.
 

 Ms. Hill and Guerin previously came before this court in Guerin v. Guerin, 114 Nev. 127, 953 P.2d 716 (1998), which consolidated two appeals and a writ petition. In
 
 Guerin,
 
 the district court,
 
 inter alia,
 
 denied Guerin’s motion to set aside the default divorce decree that Ms. Hill had obtained against him. The district court also found Ms. Hill in contempt for violating an injunction against transferring certain assets that the parties had created during their marriage from the Guerin Family Trust to the Hill Family Trust, which Ms. Hill subsequently created with her new husband, Charles Hill. This court concluded that the district court abused its discretion in refusing to set aside the default divorce decree because Ms. Hill had failed to provide Guerin the requisite three-day notice of the default hearing pursuant to NRCP 55(b)(2).
 
 See Guerin,
 
 114 Nev. at 133, 953 P.2d at 720. This court also upheld the district court’s contempt order after concluding that Ms. Hill “clearly did not comply with the district court’s orders.”
 
 Id.
 
 at 134, 953 P.2d at 721.
 

 On remand, the parties participated in settlement negotiations that produced an amended divorce decree. Pursuant to a motion to alter or amend the amended divorce decree filed by the Hills, the district court entered a second amended divorce decree on January 6, 1999. The second amended divorce decree,
 
 inter alia,
 
 awarded Guerin two beach houses in San Carlos, Mexico, and directed Ms. Hill to provide a court-appointed receiver with documentary proof that she had transferred title to the two houses to Guerin by January 11, 1999. The district court subsequently found that following the settlement negotiations and prior to the entry of the second amended divorce decree, Ms. Hill had transferred title to one of the beach houses (“No. 21”)
 
 [1]
 
 to a Mexican national who had been acting as her agent for the property.
 

 In an order entered on January 13, 1999, the district court ordered Ms. Hill (1) to execute the necessary documents to transfer title to both beach houses to Guerin by January 15, 1999, and (2) to appear in court on January 15, 1999, to demonstrate full compliance with its orders. Through their counsel, the Hills noti
 
 *213
 
 fied the court of their refusal to comply with its order.
 
 [2]
 
 In an order entered on January 19, 1999, the court found Ms. Hill in contempt and sentenced her to thirty days in jail. The district court’s order explained that Ms. Hill could purge the contempt and jail sentence on the condition (1) that she appear in court on January 21, 1999, (2) that she execute the transfer of title to both beach houses before that date, and (3) that she immediately surrender possession of No. 21 to Guerin.
 

 Ms. Hill again failed to appear in court or execute the transfer of title. In an order entered on January 28, 1999, the court (1) reaffirmed its finding of contempt but reduced Ms. Hill’s jail sentence to twenty-five days, (2) decreed that Ms. Hill’s transfer of title to No. 21 to her Mexican agent was void, (3) directed Ms. Hill to pay Guerin reasonable rental value for No. 21 until possession of the property was transferred to Guerin, (4) authorized Guerin to take immediate possession of the beach houses, and (5) directed the release to Guerin of certain funds held by the court-appointed receiver. The court also issued a warrant for Ms. Hill’s arrest.
 

 Respondent Guerin has filed a motion to dismiss the appeal on the ground that Ms. Hill is a fugitive who has refused to comply with the district court’s order of contempt. An appellate court has the discretion to dismiss an appeal of a party who is evading arrest pursuant to a contempt order and bench warrant.
 
 See
 
 United States v. Barnette, 129 F.3d 1179 (11th Cir. 1997);
 
 see also
 
 Closset v. Closset, 71 Nev. 80, 280 P.2d 290 (1955). In light of Ms. Hill’s fugitive status and continued refusal to comply with the district court’s orders, we exercise our discretion to dismiss her appeal, and hereby dismiss the appeal as to Tracy O. Hill.
 

 Guerin also sought to dismiss the appeal as to Charles Hill and the Hill Family Trust, contending that Mr. Hill was not in compliance with certain orders of the district court. On August 20, 1999, Guerin filed a motion for expedited consideration of its motion to dismiss, in which he conceded that Mr. Hill may now be in compliance with the orders of the district court. We, therefore, deny the motion to dismiss the appeal as to Mr. Hill individually.
 

 Charles Hill, purporting to represent the Hill Family Trust as
 
 *214
 
 its trustee, filed a notice of appeal on its behalf. A proper person, however, is not permitted to represent an entity such as a trust.
 
 See
 
 Sunde v. Contel of California, 112 Nev. 541, 915 P.2d 298 (1996); Salman v. Newell, 110 Nev. 1333, 885 P.2d 607 (1994). As we stated previously in
 
 Salman,
 
 a trust must be represented by a licensed attorney in Nevada state courts. 110 Nev. at 1335-36, 885 P.2d at 608. Only an active member of the State Bar of Nevada, pursuant to the rules of this court, is permitted to practice law in this state; a violation of this rule is a crime.
 
 See
 
 NRS 7.285. In addition, SCR 77 provides that, with certain inapplicable exceptions, no person may practice law as an officer of the courts in this state who is not an active member of the state bar. Although an individual is entitled to represent himself or herself in the district court,
 
 see
 
 SCR 44, no rule or statute permits a non-attorney to represent any other person, a company, a trust, or any other entity in the district courts or in this court.
 
 Salman,
 
 110 Nev. at 1336, 885 P.2d at 608. In the present case, Mr. Hill could not represent the Hill Family Trust in a court of law because his actions would amount to unauthorized practice.
 

 The proper and timely filing of a notice of appeal is jurisdictional. Rust v. Clark Cty. School District, 103 Nev. 686, 747 P.2d 1380 (1987). This court cannot treat an improperly-filed notice of appeal as vesting jurisdiction in this court. In particular, we cannot treat a notice of appeal, which is the product of unauthorized practice of law, as having been properly filed. Hence, the notice of appeal that Mr. Hill filed on behalf of the Hill Family Trust is invalid, and we therefore lack jurisdiction to consider its appeal. Accordingly, we dismiss the appeal of the Hill Family Trust.
 
 [3]
 

 [1]
 

 Ms. Hill possesses the two beach houses in San Carlos: one is number 19 Paseo Almajas, the other is number 21.
 

 [2]
 

 It appears that counsel subsequently withdrew because of their clients’ refusal to comply with the court’s orders. Ms. Hill is currently living in one of the beach houses in San Carlos, according to Guerin.
 

 [3]
 

 Although Ms. Hill and Mr. Hill were not granted leave to file papers in proper person,
 
 see
 
 NRAP 46(b), we have considered the proper person documents received from them. We grant Guerin’s motion to file a reply, and direct the clerk of this court to file the reply received from him. We deny Guerin’s motion to expedite his motion to dismiss Ms. Hill’s appeal as moot in light of this partial disposition. We deny the motion to disqualify the attorney for the Hill Family Trust as moot. We direct the clerk of the court to modify the caption on this court’s docket to reflect the partial disposition set forth in this opinion.