An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

ALEXANDER FALCONI,
Appellant,
vs.
CORAZON REAL ESTATE, A
DOMESTIC CORPORATION,
Respondent.

No. 62296

**FILED**

APR 1 2 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is a proper person appeal from a district court order granting a motion to dismiss in a contract and tort action. Second Judicial District Court, Washoe County; Scott N. Freeman, Judge.

Appellant filed a complaint against respondent, a corporation, in district court. Charles Chinnici, who is not a licensed Nevada attorney, thereafter filed an answer and counterclaim on behalf of respondent, indicating that respondent was proceeding in proper person. Appellant then filed a motion to require that respondent obtain counsel, arguing that a corporation may not appear in proper person and that nonlawyers may not represent corporations. Mr. Chinnici filed an opposition to this motion, arguing only that the case was frivolous and should be heard in small claims court and filed a motion to dismiss based on the same arguments. Appellant opposed the motion to dismiss and filed a motion to amend his complaint and a request for arbitration, both of which Mr. Chinnici opposed. The district court thereafter granted respondent's motion to dismiss on the basis that appellant had provided no evidence of damages. This appeal followed.

A corporation may not proceed in proper person and must be represented by a licensed Nevada attorney. State v. Stu's Bail Bonds, 115 Nev. 436, 436 n.1, 991 P.2d 469, 470 n.1 (1999) (noting that "business entities are not permitted to appear, or file documents, in proper person");

SUPREME COURT
OF
NEVADA

(O) 1947A

13 - 10873

Sunde v. Contel of California, 112 Nev. 541, 542-43, 915 P.2d 298, 299 (1996) (explaining that nonlawyers may not represent entities in court); Salman v. Newell, 110 Nev. 1333, 1336, 885 P.2d 607, 608 (1994) (observing that no statute or rule permits a nonlawyer to represent an entity and concluding that an entity cannot proceed in proper person). As we do not allow laypersons to represent parties or entities and business entities are not permitted to appear or file documents in proper person, respondent's answer and all other motions and documents filed in the district court by respondent were improper and should have been stricken by the district court. Stu's Bail Bonds, 115 Nev. at 436 n.1, 991 P.2d at 470 n.1; Sunde, 112 Nev. at 542-43, 915 P.2d at 299; Salman, 110 Nev. at 1336, 885 P.2d at 608. Respondent's motion to dismiss was, therefore, also improperly considered by the district court and the district court erred in considering and granting the motion. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[1]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

---

[1]In light of this order, we deny as moot appellant's December 19, 2012, proper person motion.

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Scott N. Freeman, District Judge
Alexander Falconi
Corazon Real Estate
Washoe District Court Clerk