*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| ERICA G., | ) | |
| | ) | Supreme Court No. S-15634 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-13-08668 CI |
| v. | ) | |
| | ) | O P I N I O N |
| TAYLOR TAXI, INC., THE | ) | |
| TAYLOR REVOCABLE TRUST, | ) | No. 7053 – September 25, 2015 |
| and L & J CABS, INC., | ) | |
| | ) | |
| Appellees. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Frank A. Pfiffner, Judge.

Appearances: Kevin G. Brady, Brady Law Office, Anchorage, for Appellant. James T. Brennan, Hedland, Brennan and Heideman, Anchorage, for Appellees.

Before: Stowers, Chief Justice, Fabe, Winfree, Maassen, and Bolger, Justices.

FABE, Justice.

## I. INTRODUCTION

In a negligence suit, the defendants moved for summary judgment. The plaintiff did not oppose the motion or otherwise respond by the required response date. On the same day that the superior court granted the defendant's unopposed motion for summary judgment, the plaintiff filed an untimely motion for an extension of time to file

her opposition. The superior court denied the plaintiff's late-filed motion to extend the time to oppose summary judgment, as well as a subsequent motion for reconsideration or relief from judgment. We affirm the superior court because although the plaintiff's attorneys have provided a long and shifting catalog of circumstances to justify their failure to timely seek an extension, all lack a nexus to the late filing. The plaintiff's attorneys have thus never demonstrated that their failure to timely request an extension of time was caused by excusable neglect.

## II.    FACTS AND PROCEEDINGS

In September 2013 Erica G. filed a complaint for damages against Taylor Taxi, Inc., The Taylor Revocable Trust, and L & J Cabs, Inc. (collectively, Taylor Taxi). The complaint alleged that "a licensed taxi driver operating under a permit issued to Taylor Taxi" had sexually assaulted Erica in "a desolate area of Ship Creek Road." The complaint's sole cause of action alleged that Taylor Taxi was negligent "by failing to conduct an adequate background check of [the driver], failing to properly train [the driver] and failing to properly supervise [the driver]."

Taylor Taxi's answer denied the negligence allegation and asserted four affirmative defenses:  failure to state a claim, failure to bring an action against an indispensable party, Taylor Taxi's entitlement to rely on the Municipality of Anchorage's licensure process and background check of the driver, and the independent contractor status of the driver. Taylor Taxi also filed a third-party complaint against the driver.

On February 7, 2014, Taylor Taxi moved for summary judgment. It argued that the driver was an independent contractor who leased a vehicle and permit from Taylor Taxi but who was not under the supervision of any of the defendants. Taylor Taxi pointed to language in the lease agreement with the driver that provided that he was "an independent contractor free from [Taylor Taxi's] interference or control." Taylor

Taxi also argued that it was not responsible for conducting a background check on the driver or training him because he was licensed by the Municipality of Anchorage, and the Municipality's licensing process included a background check. Taylor Taxi argued that the same defense applied to the claim of negligent training because the Municipality's requirement that chauffeurs complete a driving safety course made training "a municipal function, not a function or duty of the lessor of a taxicab vehicle and permit."

Under Alaska Rule of Civil Procedure 77(c)(2)(ii), Erica's opposition to Taylor Taxi's motion for summary judgment was due "15 days from the date of service." Erica's attorneys were served on February 10, and with three days allotted for mailing, the parties agree that Erica's opposition was due February 28. This date came and went without any action by Erica or her attorneys.

On March 4 Superior Court Judge Frank A. Pfiffner granted Taylor Taxi's motion for summary judgment. The superior court's order was based on "the pleadings, affidavits and exhibits filed . . . and no opposition having been filed."

The same day, Kevin Brady, one of Erica's attorneys, filed a motion for an extension of time to file an opposition to Taylor Taxi's motion for summary judgment. The motion was supported by an affidavit from Kevin Brady that stated that Erica was then "8 months pregnant and ha[d] two unrelated pending [criminal] matters," and that "[o]n February 27, 2014, [Kevin Brady] was called up for a [criminal] trial."[1] The

---

[1] Later affidavits from both Kevin Brady and Taylor Taxi's attorney clarified that although this criminal case had a status conference on February 27 the trial did not begin until March 4.

affidavit also incorrectly claimed that the response had been due on March 3, rather than February 28.[2]

On March 10 Taylor Taxi opposed Erica's motion for an extension of time, arguing that she had not demonstrated the required "excusable neglect" that would allow for an extension of time after the expiration of time for a response under Alaska Rule of Civil Procedure 6(b)(2). This opposition was supported by an affidavit of Taylor Taxi's attorney that described "unusual difficulties in contacting opposing counsel in this case," including for purposes of scheduling a trial date and to exchange initial disclosures.

On March 25 the superior court denied Erica's motion for an extension of time. The superior court noted that the motion was untimely, as it followed the entry of the grant of summary judgment, and that "no excusable neglect has been shown for filing the motion for extension [of] time after the expiration of time for filing an opposition to the motion for summary judgment." The superior court thus entered final judgment for Taylor Taxi, dismissing Erica's complaint with prejudice and awarding Taylor Taxi costs and attorney fees.

On April 1 Erica filed a motion for reconsideration. The motion argued that the superior court had "overlooked material facts under Alaska R. Civ. Proc. 77(k)[(1)](ii)" and thus lacked "a complete understanding of the facts surrounding this office's tardy motion for an extension of time."

The motion was supported by affidavits from Erica's attorneys, Kevin Brady and KeriAnn Brady.[3] KeriAnn Brady's affidavit described Erica's difficulties

---

[2]        Even if March 3 had been the deadline for opposing Taylor Taxi's motion for summary judgment, Erica's attorneys failed to file a motion seeking an extension by that date.

[3]        Although KeriAnn Brady stated in her affidavit that she was not handling
(continued...)

with post-traumatic stress disorder following the alleged assault as well as Erica's grief after her 11-year-old son died in a car accident in September 2013. KeriAnn Brady's affidavit also described the difficulty her office had experienced in attempts to communicate with Erica, including periods during which Erica "literally vanished" and could not be reached, the latest of which had only ended on March 3 or 4, 2014, after the opposition to the defendant's motion for summary judgment was due.

Kevin Brady's second affidavit recounted an office move that had "caused some disarray with respect to . . . mail service," as well as part of the procedural history of the case. His affidavit also asserted that Erica's sexual assault had occurred "at the defendant L&J Cabs, Inc.'s yard" and referenced a Google Earth picture of the yard from which "any gates limiting or precluding access" were "[n]otably absent." The affidavit explained that whether there were any other security procedures in place was unknown, as was "the volume of similar incidents of crimes against persons . . . taking place at the defendants' [yard]." The affidavit argued that "[t]hese matters require additional discovery, and likely preclude any grant of summary judgment." Kevin Brady's affidavit went on to discuss his two-attorney office's caseload, which included "two trials between March 4 and March 17, 2014," as well as "90 separate court hearings [during the same period] spread across a case load in excess of 119 active cases" occurring all over the state. It also explained that "it ha[d] been the experience of this office that the courts tend to show flexibility with respect to pleading deadlines in the criminal, juvenile, and CINA arenas." Finally, Kevin Brady described learning of the defendants' motion for summary judgment on February 18, noted that he did not "recall making a calendar entry

---

[3](...continued)
Erica's case, Erica's complaint was on "Law Office of KeriAnn Brady" pleading paper and was signed by KeriAnn Brady.

for the response date" to that motion, and explained that he filed the motion for extension of time as soon as he realized he had missed the response date.

On April 9 Taylor Taxi notified the superior court that although Alaska Civil Rule 77(k)(3) did not permit a response to a Rule 77(k) motion for reconsideration, in its view the fact that Erica sought relief from a final judgment meant that her motion was more properly understood as a motion under Alaska Civil Rule 60(b). The superior court agreed and on April 25 issued an order explaining that it would treat Erica's April 1 motion "as a Civil Rule 60(b)(1) motion for relief from judgment," to which Taylor Taxi was entitled to respond, with Erica entitled to reply.

Taylor Taxi's response argued that Erica appeared to be identifying "excusable neglect by herself or her attorney, under Rule 60(b)(1)," as the basis for relief, and that she had not carried her burden of establishing such excusable neglect because "no nexus was established between plaintiff's personal circumstances and her counsel's inability to timely file an opposition to summary judgment or seek an extension of time therefor." Similarly, Taylor Taxi argued that none of the explanations in Kevin Brady's affidavit that related to the office move, his caseload, and the expectation of flexible deadlines amounted to excusable neglect. Finally, Taylor Taxi argued that Erica could not meet the "precondition of relief from a judgment" that she demonstrate a meritorious claim. It pointed out that Erica had not yet attempted to address its affirmative defenses and that this provided a separate basis to deny relief from the final judgment. Erica did not reply.

On May 20 the superior court denied Erica's motion for relief from judgment "for the reasons set forth in defendants' opposition." Erica appeals.

## III. STANDARD OF REVIEW

We apply the abuse of discretion standard when reviewing superior courts' rulings on motions for extension of time.[4] We also "review for abuse of discretion an order denying a Rule 60(b) motion."[5] "We will find an abuse of discretion when the decision on review is manifestly unreasonable."[6]

## IV. DISCUSSION

### A. Late Motions To Enlarge The Time To Oppose Summary Judgment Must Demonstrate That "The Failure To Act Was The Result Of Excusable Neglect."

Alaska Rule of Civil Procedure 6(b) provides that "[w]hen . . . an act is required . . . to be done at or within a specified time, the court for cause shown may at any time in its discretion . . . upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect . . . ." This rule governs Erica's failure to oppose summary judgment or request an extension of time to file her opposition until after that opposition was due. To succeed in her appeal Erica must demonstrate that the failure "was the result of excusable

---

[4] *See, e.g.*, *ConocoPhillips Alaska, Inc. v. Williams Alaska Petroleum, Inc.*, 322 P.3d 114, 134 (Alaska 2014) ("We affirm the superior court's order granting Williams's motion to enlarge time to file a motion for attorney's fees. The superior court certainly did not abuse its discretion in this case.").

[5] *Young v. Kelly*, 334 P.3d 153, 157 (Alaska 2014).

[6] *Ranes & Shine, LLC v. MacDonald Miller Alaska, Inc.*, __ P.3d __, Op. No. 7003, 2015 WL 1958657, at \*3 (Alaska May 1, 2015).

neglect"[7] and that the superior court's refusal to enlarge the time to oppose was "manifestly unreasonable."[8]

We have never precisely defined excusable neglect,[9] and the definitions provided by other authorities cover a wide spectrum.[10] Perhaps the most consistent with our established holding that "[t]he law favors deciding cases on their merits"[11] is the Second Circuit's understanding of excusable neglect as "a somewhat elastic concept" that "may encompass delays caused by inadvertence, mistake, or carelessness, at least when the delay was not long, there is no bad faith, there is no prejudice to the opposing party, *and movant's excuse has some merit*."[12] We, like other courts, have been clear

---

[7]     Alaska R. Civ. P. 6(b)(2).

[8]     *Ranes & Shine, LLC*, 2015 WL 1958657, at *3.

[9]     *See Dickerson v. Williams*, 956 P.2d 458, 465 & n.15 (Alaska 1998) (noting, in the Rule 60(b) context, that neither we nor the federal courts have articulated an express test of "excusable neglect").

[10]     *Compare Excusable Neglect*, BLACK'S LAW DICTIONARY (10th ed. 2014) ("A failure — which the law will excuse — to take some proper step at the proper time (esp. in neglecting to answer a lawsuit) *not because of the party's own carelessness, inattention*, or willful disregard of the court's process, but because of some unexpected or unavoidable hindrance or accident or because of reliance on the care and vigilance of the party's counsel or on a promise made by the adverse party." (emphasis added)), *with LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) ("Excusable neglect . . . *may encompass delays caused by inadvertence, mistake, or carelessness*, at least when the delay was not long, there is no bad faith, there is no prejudice to the opposing party, and movant's excuse has some merit." (emphasis added) (citations and internal quotation marks omitted)).

[11]     *Shea v. State, Dep't of Admin., Div. of Ret. & Benefits*, 204 P.3d 1023, 1029 (Alaska 2009) (quoting *Sheehan v. Univ. of Alaska*, 700 P.2d 1295, 1298 (Alaska 1985)).

[12]     *LoSacco*, 71 F.3d at 93 (emphasis added) (citations and internal quotation
(continued...)

that to seek relief on this basis "a party must show both neglect and a valid excuse for that neglect."[13] Furthermore, there must be a causal link between the excusable neglect and the party's failure to timely act; the failure must be "*the result of*" the excusable neglect.[14] The litany of explanations contained in the three affidavits from Erica's attorneys all failed to satisfy this latter requirement: They established no causal link to the failure to timely request an extension to oppose Taylor Taxi's motion for summary judgment.

As described above, the three affidavits contained a collection of unsatisfactory explanations. In her briefing to this court, Erica relies on four of these reasons. The first reason, Erica's challenging personal circumstances and unavailability, was discussed in all three of the affidavits. The second reason, Kevin Brady's responsibility for a criminal trial, was referenced in both of his affidavits, although they contained seemingly inconsistent information about when that trial began. The third and fourth reasons, a mail-forwarding disruption following the attorneys' office relocation and the attorneys' busy caseload, stem from assertions in Kevin Brady's second affidavit. That same affidavit also added another two explanations to the list: that it had been Kevin Brady's "experience . . . that the courts tend to show flexibility with respect to pleading deadlines in the criminal, juvenile, and CINA arenas," and that although Kevin Brady had learned of Taylor Taxi's motion for summary judgment on February 18 he

---

[12](...continued)
marks omitted).

[13]     *Coppe v. Bleicher*, No. S-13631, 2011 WL 832807, at *5 (Alaska Mar. 9, 2011) (citing *Dickerson*, 956 P.2d at 465).

[14]     Alaska R. Civ. P. 6(b)(2) (emphasis added).

"d[id] not recall making a calendar entry for the response date" and had never "seen a calendar entry in [their] system for that due date."

These reasons have no nexus to the failure to timely seek an extension of time to oppose summary judgment. The affidavits failed even to assert a link between Erica's absence, the March 4 criminal trial, the mail disruption, or the attorneys' caseload and the missed deadline for opposition or a motion seeking more time to respond. We note particularly that the failure to assert a causal link between the mail-forwarding issue and the failure to seek an extension may be explained by Taylor Taxi's uncontradicted contention that it mailed all pleadings directly to the new office address.

The myriad explanations undercut even those that most closely resemble excusable neglect. Kevin Brady's final affidavit implies both that the missed deadline was the result of a conscious, but flawed, expectation that "the courts tend to show flexibility with respect to pleading deadlines" and that the missed deadline was instead the result of a clerical calendaring error. Maintaining both positions simultaneously, as well as the inconsistent assertions in the affidavits that attribute the missed deadline to issues such as Erica's absence or problems with mail forwarding, calls into question the ability of any of the explanations to meet Rule 6(b)(2)'s requirement that "the failure to act [be] the result of excusable neglect." The superior court therefore did not abuse its discretion when it denied Erica's late-filed motion for an enlargement of time.[15]

**B.      The "Excusable Neglect" Standard Also Applies To Erica's Motion For Relief From Final Judgment.**

Alaska Rule of Civil Procedure 60(b)(1) provides that "the court may relieve a party . . . from a final judgment, order, or proceeding for[, among other

---

[15]      This is not to say that any of these reasons, if presented in a manner that explained how the circumstances had caused the failure to act, could not form the basis for excusable neglect in another case.

reasons,] mistake, inadvertence, surprise or excusable neglect." This rule governs Erica's April 1 motion.[16] To succeed in her appeal Erica must demonstrate the existence of "mistake, inadvertence, surprise or excusable neglect"[17] and demonstrate that the superior court's refusal to relieve her from the final judgment was "manifestly unreasonable."[18]

For the same reasons that the superior court was within its discretion to conclude that the explanations provided in Erica's attorneys' affidavits either had not caused the failure to timely request an enlargement of time to oppose summary judgment or were not valid excuses, it was also within its discretion to conclude that they had not demonstrated that the same allegations of excusable neglect provided a basis for relief from final judgment.

Erica argues on appeal that "[t]he superior court appears to have based its May 28, 2014 order [denying reconsideration or relief from judgment] strictly upon deadlines in procedural rules," rather than "look[ing] at the case in its entirety" to determine whether the "outcome is just." But the superior court's order denied Erica's motion "for the reasons set forth in defendants' opposition," which included both substantive and procedural arguments. And although the superior court's rulings resulted in summary judgment being entered against Erica on her negligence claim, she

---

[16]     Although Erica styled this motion as a motion for reconsideration under Civil Rule 77(k)(1)(ii), the superior court recharacterized it as a motion for relief from judgment under Civil Rule 60(b)(1) because it was filed after final judgment had been entered against Erica. Erica does not appeal this recharacterization.

[17]     Alaska R. Civ. P. 60(b)(1).

[18]     *Ranes & Shine, LLC v. MacDonald Miller Alaska, Inc.*, __ P.3d __, Op. No. 7003, 2015 WL 1958657, at *3 (Alaska May 1, 2015); *see also Young v. Kelly*, 334 P.3d 153, 157 (Alaska 2014) ("We review for abuse of discretion an order denying a Rule 60(b) motion.").

has not carried her burden[19] of demonstrating that here "the failure to provide relief would result in an injustice."[20]  Indeed, she has never attempted to address the substantive legal grounds on which Taylor Taxi sought summary judgment in the first place.  On the facts of this case we cannot conclude that the superior court abused its discretion.

## V.     CONCLUSION

The superior court's judgment is AFFIRMED.

---

[19]      *See Sandoval v. Sandoval*, 915 P.2d 1222, 1224 (Alaska 1996) ("A party moving for relief from judgment has the burden of proving his entitlement to relief." (citing *M.D. Markland v. City of Fairbanks*, 513 P.2d 658, 660 (Alaska 1973))).

[20]      *Farrell ex rel. Farrell v. Dome Labs., a Div. of Miles Labs., Inc.*, 650 P.2d 380, 384 (Alaska 1982).