NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| HARRY A. SCHIKORA, ) | |
| ) | Supreme Court No. S-16838 |
| Appellant, ) | |
| ) | Superior Court No. 4FA-10-02546 CI |
| v. ) | |
| ) | MEMORANDUM OPINION |
| PENNY M. SCHIKORA, ) | AND JUDGMENT* |
| ) | |
| Appellee. ) | No. 1694 – September 12, 2018 |
| ) | |

Appeal from the Superior Court of the State of Alaska, Fourth Judicial District, Fairbanks, Paul R. Lyle, Judge.

Appearances: Harry A. Schikora, pro se, Fairbanks, Appellant. Penny M. Schikora, pro se, Broussard, Louisiana, Appellee.

Before: Stowers, Chief Justice, Winfree, Maassen, Bolger, and Carney, Justices.

## I. INTRODUCTION

The superior court divided a couple's property during divorce proceedings in 2012. The court rejected the husband's argument that the property division was governed by a Mexican prenuptial agreement to keep all premarital property separate. The court found the agreement was void because the wife did not understand the document — written in Spanish — when she signed it, and regardless, the couple's subsequent actions had caused the separate property to transmute to marital property.

---

\*      Entered under Alaska Appellate Rule 214.

The court also awarded the wife attorney's fees on the basis that she had significantly fewer financial resources. The husband appeals the denial of his most recent motion for relief from judgment, arguing that: (1) newly discovered evidence supports enforcing the prenuptial agreement; (2) the judgment is void because the superior court lacked jurisdiction; and (3) the wife's improved financial condition warrants modifying the property division order. The husband also appeals the attorney's fee award. We affirm the attorney's fee award because the superior court properly based it on the parties' relative finances. And we affirm the superior court's denial of relief from judgment because the husband's arguments are either untimely, barred by res judicata, or abandoned for failure to brief.

## II.    FACTS AND PROCEEDINGS

### A.    Facts

Harry and Penny Schikora married in November 2004 in Mexico. At the time of their marriage the couple signed several forms written in Spanish in which they agreed that they would have a separate property arrangement and that the forum for enforcement of the agreement would be the State of Baja California Sur.

At the time of the marriage, Harry owned a vacant parcel in Alaska and a house in Mexico. Beginning in 2006, Harry and Penny built a cabin on the parcel; together they cleared the land, purchased materials, and helped with construction. In 2008 they financed the outstanding amount due on the Mexico house by obtaining a loan in Penny's name. That same year they purchased a restaurant nearby, and Penny moved to Mexico to run it. While she was living in the Mexico house, Penny helped with its upkeep and maintenance. Harry and Penny permanently separated in March 2010, at which point Penny moved out of the Mexico house.

## B. Proceedings

### 1. The divorce and property division order

Penny filed a complaint for divorce in Alaska in 2010. The superior court held a three-day trial on the issue of property division and issued its findings in April 2012. The court first concluded that the separate property agreement did not constitute a valid prenuptial agreement. The superior court credited Penny's testimony that she did not know she was signing a prenuptial agreement and had no intention to do so. The court reasoned that even though she signed the agreement, Penny did not enter into a prenuptial agreement because she did not speak Spanish and "[o]ne cannot voluntarily sign what . . . she does not understand."

The court next concluded that, even if there was a valid prenuptial agreement, the two pieces of real property had nevertheless transmuted by the subsequent actions of Harry and Penny. Specifically, with regard to the Alaska parcel, "Harry acted to allow Penny to spend her funds and efforts on building a structure [the cabin] that, through their joint efforts, was permanently affixed to his land." As for the Mexico house, Penny obtained a loan in her name to finance its purchase. Therefore the court determined both properties had transmuted to marital property during the marriage, regardless of the prenuptial agreement.

The court then turned to the equitable division of the marital estate. After considering the equitable division factors,[1] the court divided the estate by granting 55% to Penny and 45% to Harry. The court reasoned that a slightly unequal distribution was equitable based primarily on the fact that Penny had resigned from a job in Alaska to run

---

[1]  *See* AS 25.24.160(a)(4) (listing factors the superior court must consider in equitably dividing marital estate, including length of marriage, age and health of parties, earning capacity of parties, financial condition of parties, conduct of parties, and circumstances and necessities of parties).

the restaurant, while Harry continued working and obtained his real estate license during that time. In April 2012 the court issued a decree of divorce, which incorporated the property division findings.[2]

Penny — self-represented[3] — moved for attorney's fees on the basis that Harry had a far greater earning capacity than she did. In January 2013 over Harry's opposition, the superior court awarded Penny $6,100 in attorney's fees (approximately 40% of her total fees incurred). However, judgment for the attorney's fees was not entered until August 2017.

## 2. Post-divorce enforcement issues

Harry filed the first of his three motions for relief from judgment in July 2012. The court denied the motion, concluding that the arguments were either waived or not properly included in a motion for relief from judgment. Harry did not appeal this denial. Harry again moved for relief from judgment in September 2013. The court again denied the motion, and he did not appeal this denial.

Proceedings lay dormant for about three years. In April 2017 Harry filed a third "motion for reconsideration of order and judgments." Harry alleged that, in the time since the superior court's April 2012 property division order, Penny had gained new employment and was enjoying financial success. He also alleged that he had obtained documentation from the Mexican tax authority that would provide additional support for enforcing the prenuptial agreement. Harry argued that this evidence justified revisiting

---

[2] In a later clarification order, the superior court stated that Harry owed Penny an equalization payment totaling $41,703.62 plus 3.75% interest from April 2012 and that Penny was entitled to a judgment against Harry in this amount if it had not already been paid.

[3] Both Harry and Penny were represented by counsel during the property division trial but afterwards (and on appeal) both represented themselves.

both the property division order and the attorney's fees award. On the same day, Harry also filed a "motion for amended judgment" in which he asked the court to reduce the amount it had awarded to Penny in the property division order.

In August 2017 the court issued an order denying Harry's motions. The court treated Harry's motion for reconsideration as an Alaska Civil Rule 60(b) motion for relief from judgment. The court explained that Penny's financial success was not a reason to revisit the court's property division findings made five years prior. The court treated Harry's challenge to the attorney's fees award as an untimely motion for reconsideration of the attorney's fee order and concluded that Harry had failed to show good cause for relaxing the deadline to bring such a motion. The court concluded the remainder of Harry's arguments were untimely.

Harry appeals the denial of his motion for reconsideration of the property division order and attorney's fees award.

## III.   STANDARD OF REVIEW

We generally review the denial of a Rule 60(b) motion for abuse of discretion.[4]   The superior court abuses its discretion if its denial is manifestly unreasonable.[5]   We review an attorney's fees award for abuse of discretion, which we

---

[4]    *Erica G. v. Taylor Taxi, Inc.*, 357 P.3d 783, 786 (Alaska 2015). We apply a different standard when reviewing a motion for Rule 60(b)(4) relief; we review the denial of such a motion de novo because the validity of a judgment is a question of law. *Heber v. Heber*, 330 P.3d 926, 930 (Alaska 2014).

[5]    *Erica G.*, 357 P.3d at 786-87.

find if the award is "arbitrary, capricious, manifestly unreasonable, or improperly motivated."[6] Finally, whether an appeal is timely is a question of law reviewed de novo.[7]

## IV. DISCUSSION

### A. The Superior Court Did Not Err In Denying Harry's Motion For Relief From Judgment Under Rule 60(b).

At the outset, we note that to the extent Harry challenges the 2012 property division order, these arguments are untimely. The property division order was incorporated in the divorce decree distributed in April 2012. A property division incorporated within a divorce decree is a final judgment,[8] and a party has 30 days within which to appeal a final judgment to this court.[9] Harry's notice of appeal was filed in September 2017; therefore his appeal of the property division order is untimely and we will not consider it.[10] And the appeal of a Rule 60(b) motion "does not bring the merits of the underlying judgment before this court."[11] Rule 60(b) "is not a substitute for a party failing to file a timely appeal; nor does it allow relitigation of issues that have been

---

[6] *Lee-Magana v. Carpenter*, 375 P.3d 60, 63 (Alaska 2016) (quoting *Rhodes v. Erion*, 189 P.3d 1051, 1053 (Alaska 2008)).

[7] *Griswold v. City of Homer*, 252 P.3d 1020, 1025 (Alaska 2011).

[8] *Williams v. Williams*, 252 P.3d 998, 1005 (Alaska 2011).

[9] *See* Alaska R. App. P. 204(a)(1) (requiring a notice of appeal from superior court judgment to be filed within 30 days of its distribution date with limited exceptions inapplicable here).

[10] Specifically we do not consider Harry's untimely arguments relating to the superior court's transmutation findings and its finding that the couple did not have a valid prenuptial agreement because these findings were made in the unappealed 2012 property division order.

[11] *Burrell v. Burrell*, 696 P.2d 157, 166 (Alaska 1984).

resolved by the judgment."[12]  Having elected to forgo a timely appeal of the superior

court's April 2012 property division order, Harry cannot now challenge this order by

appealing the court's denial of his Rule 60(b) motion.  Accordingly, we address only

Harry's arguments that relate to his motion for relief and the attorney's fees award filed

on April 24, 2017.

Harry's motion, though styled as a "motion for reconsideration," is

substantively a motion for relief from judgment under Civil Rule 60(b), and the superior

court treated it as such.

> Rule 60(b) lists six bases on which a final judgment may be
> set aside: "(1) mistake, inadvertence, surprise or excusable
> neglect; (2) newly discovered evidence . . . ; (3) fraud, . . .
> misrepresentation, or other misconduct of an adverse party;
> (4) the judgment is void; (5) the judgment has been satisfied,
> released, or discharged . . . ; or (6) any other reason justifying
> relief . . . ."[13]

"Property divisions incorporated into divorce decrees are . . . modifiable under . . .

Rule 60(b) to the same extent as any final equitable decree of the court."[14]

### 1. Harry's arguments under Rules 60(b)(2) and (3) are untimely.

Harry argues that Penny committed fraud or misrepresentation[15] and that

---

[12]     *Cook v. Cook*, 249 P.3d 1070, 1083 (Alaska 2011) (quoting *Morris v. Morris*, 908 P.2d 425, 429 (Alaska 1995)).

[13]     *Johnson v. Johnson*, 394 P.3d 598, 602 (Alaska 2017) (omissions in original) (quoting Alaska R. Civ. P. 60(b)).

[14]     *Cook*, 249 P.3d at 1083.

[15]     *See* Alaska R. Civ. P. 60(b)(3).

newly discovered evidence justifies setting aside the final judgment.[16]  Rule 60(b) subparts (2) and (3) are subject to a one-year time limit; a party seeking relief under these subparts must file the motion within one year of judgment.[17]  Here the property division order was incorporated in the divorce decree distributed in April 2012.  Therefore any argument raised under Rule 60(b)(2) or (3) had to be raised by April 2013.  Yet Harry's motion was filed in April 2017 — precisely four years too late.  Harry counters that he did not have access to the newly discovered documents within the one-year window.  However this argument is inapposite because the superior court "do[es] not have the power to enlarge the one-year time limit for motions brought under . . . Rule 60(b)(1)-(3)."[18]  Harry's arguments relating to Rule 60(b) subparts (2) and (3) are untimely, and the superior court therefore did not abuse its discretion in declining to consider them.

### 2.    Harry's arguments under Rule 60(b)(4) are barred by res judicata.

Harry implicitly argues that the property division order is void because the superior court "lacked the jurisdiction to decide this matter."[19]  In support, he cites the clause in the separate property agreement providing that the forum for enforcement of the agreement is in the State of Baja California Sur.  Harry appears to argue that, by

---

[16]    *See* Alaska R. Civ. P. 60(b)(2).

[17]    *Id.*; *see Johnson*, 394 P.3d at 602.

[18]    *Johnson*, 394 P.3d at 602 (quoting *O'Link v. O'Link*, 632 P.2d 225, 229 (Alaska 1981)).

[19]    Rule 60(b)(4) provides relief from a void judgment.  Alaska R. Civ. P. 60(b)(4).  "A judgment is void if the court that entered the judgment was without jurisdiction to act, or if that court acted in a manner inconsistent with due process of law."  *State, Dep't of Revenue, Child Support Enf't Div. v. Maxwell*, 6 P.3d 733, 736 (Alaska 2000).

virtue of this clause, the superior court lacked jurisdiction to issue its property division order.

This argument is barred by res judicata. Res judicata prevents a party from relitigating a claim that was litigated or could have been litigated in a prior proceeding.[20] Although res judicata does not bar an initial Rule 60(b) motion for relief from judgment, it may bar such a subsequent motion if the motion raises issues that were raised or could have been raised in the initial motion.[21] Harry could have asserted this jurisdictional argument in his first motion for relief filed in July 2012 but failed to do so. Harry is therefore barred by res judicata from now asserting this argument.

### 3. Harry's argument under Rule 60(b)(6) is abandoned due to failure to brief.

Finally turning to Rule 60(b)(6),[22] the catch-all provision, the only basis for relief that Harry raised in his motion that could possibly fall within this subpart is Penny's changed financial circumstances. His other arguments — which, as discussed above, relate to fraud and misrepresentation, newly discovered evidence, and relief from void judgments — are not eligible for relief under this subpart because Rule 60(b)(6) applies "only if none of the other five clauses [of Rule 60(b)] apply."[23] Furthermore

---

[20] *Dixon v. Pouncy*, 979 P.2d 520, 523 (Alaska 1999).

[21] *Id.* at 524.

[22] The remaining bases for Rule 60(b) relief — Rules 60(b)(1) and 60(b)(5) — do not apply. Harry does not appear to argue that the judgment should be set aside due to mistake, inadvertence, surprise, or excusable neglect; to the extent that he does, this argument is untimely. *See* Alaska R. Civ. P. (60)(b)(1); *Johnson*, 394 P.3d at 602. He also does not argue that the judgment has been satisfied, released, or discharged. *See* Alaska R. Civ. P. 60(b)(5).

[23] *Juelfs v. Gough*, 41 P.3d 593, 597 (Alaska 2002) (quoting *Lacher v.* (continued...)

Harry does not discuss Penny's changed financial circumstances in his opening brief on appeal. Accordingly any argument under Rule 60(b)(6) has been abandoned.[24]

## B.    The Superior Court Did Not Abuse Its Discretion In Awarding Penny Attorney's Fees.

In addition to requesting relief from the superior court's property division order, Harry's motion for reconsideration also appeared to request relief from the superior court's attorney's fees award. On appeal Harry argues that the award was "excessive" and appears to suggest that because newly discovered evidence may contradict statements Penny made at trial, the superior court erred in awarding her attorney's fees. The superior court treated Harry's argument as an untimely motion for reconsideration of its attorney's fee order and concluded that Harry had failed to show good cause for relaxing the deadline to bring such a motion. However because the 2013 attorney's fee order was not reduced to judgment until August 2017, we consider Harry's appeal of the original order to be timely.[25]

"The superior court has broad discretion in awarding attorney's fees in divorce cases."[26] "An award of attorney's fees is meant to ensure that 'both spouses have

---

[23]    (...continued)
*Lacher*, 993 P.2d 413, 419 (Alaska 1999)); *see, e.g.*, *Stone v. Stone*, 647 P.2d 582, 586 (Alaska 1982) (holding that because movant's Rule 60(b) motion fell "within the ambit of (b)(3)" movant was "barred from seeking relief under (b)(6)").

[24]    *See Hymes v. DeRamus*, 222 P.3d 874, 887 (Alaska 2010).

[25]    Harry appealed this order within 30 days of the August 2017 judgment. Alaska R. App. P. 204(a)(1).

[26]    *Stevens v. Stevens*, 265 P.3d 279, 290 (Alaska 2011).

the proper means to litigate the divorce action on a fairly equal plane.' "[27]  In awarding attorney's fees in a divorce case, "the superior court must focus on the parties' relative economic situations and earning capacities."[28]

Here the superior court awarded Penny $6,100 in attorney's fees — about 40% of her total fees incurred.  The court relied on its finding in the property division order that Harry was capable of earning between $75,000 and $100,000 annually, while Penny was capable of earning between $35,000 and $50,000.  It considered each party's relative share of the marital debt under the property division order.  The court also noted that Harry was obligated under the property division order to pay Penny $29,760 for her share in the equity of the Alaska cabin but had thus far failed to do so, even though he had sold the cabin for far more than its fair market value.  It explained that by failing to pay Penny what she was owed, Harry had "deprived [her] of a ready cash source" that she could have used to pay attorney's fees.

We do not find the attorney's fees award excessive on this record.  The superior court properly based the award solely on Harry's and Penny's "relative economic situations and earning capacities" at the time of the divorce.[29]  Harry's post-trial allegations concerning Penny's conduct do not provide a basis for revisiting the award because they do not relate to the parties' finances at the time of the trial. Therefore the superior court did not abuse its discretion in awarding fees to Penny.

## V.    CONCLUSION

The superior court's judgments are AFFIRMED.

---

[27]    *Id.* (quoting *Fernau v. Rowdon*, 42 P.3d 1047, 1059-60 (Alaska 2002)).

[28]    *Id.*

[29]    *Id.*