NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

# THE SUPREME COURT OF THE STATE OF ALASKA

|  |  |
|---|---|
| OLENA BERGGREN and THE ESTATE OF JOHN BERGGREN,<br><br>Appellants,<br><br>v.<br><br>MARC COTTINI,<br><br>Appellee. | Supreme Court No. S-17458<br><br>Superior Court No. 3AN-13-01828 PR<br><br>MEMORANDUM OPINION<br>AND JUDGMENT[*]<br><br>No. 1812 – January 13, 2021 |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Yvonne Lamoureux, Judge.

Appearances: Mario L. Bird, Law Office of Mario L. Bird, Anchorage, for Appellant. Susan Orlansky, Reeves Amodio LLC, Anchorage, for Appellee.

Before: Bolger, Chief Justice, Winfree, Maassen, Carney, and Borghesan, Justices.

## I.    INTRODUCTION

This is the second appeal arising out of a dispute between a principal and his agent. In the first appeal, we reversed the superior court's ruling that a guardianship statute precluded the agent from recovering attorney's fees incurred in defending his accounting. We remanded the case for the court to determine whether the agent was entitled to attorney's fees under principles of agency law. On remand, the superior court

---

[*]    Entered under Alaska Appellate Rule 214.

awarded the agent $148,254[1] in attorney's fees.  The principal appeals that decision.  Finding no error, we affirm.

## II.    FACTS AND PROCEEDINGS

### A.    Events Leading To First Appeal

In 2013, after John Berggren suffered an incapacitating traumatic brain injury, Marc Cottini became his legal agent pursuant to a 2007 power of attorney and advanced health care directive.  Soon thereafter Berggren's wife, Olena, filed a guardianship petition; Cottini, as Berggren's agent, opposed the petition.  During the ensuing litigation, Berggren regained competency and Cottini's agency ended after approximately eight months.[2]

Cottini later produced an accounting of his actions and expenditures as Berggren's agent and requested the court approve $71,684 in fees and costs.  Berggren[3] objected to Cottini's accounting and filed counterclaims alleging breach of fiduciary duty and objecting to specific requested fees and costs.  Cottini hired two attorneys to assist him in litigating these claims.

The parties eventually settled the claims regarding Cottini's fees and costs.  Berggren agreed to dismiss the counterclaims with prejudice, withdrew all objections, and agreed to pay most of what Cottini had initially requested.  But the parties reserved all issues regarding Cottini's attorney's fees for a decision by the superior court.

---

[1]    All figures are rounded to the nearest dollar.

[2]    The background of this litigation is set forth in detail in our opinion in *Cottini v. Berggren*, 420 P.3d 1255 (Alaska 2018).

[3]    The objections and additional superior court pleadings, like many on appeal, were filed jointly by both John and Olena Berggren. John Berggren died during the course of the litigation. For ease of reference, we refer to the Berggrens collectively as "Berggren."

Soon after the settlement agreement was signed, Cottini moved for an attorney's fee award of $148,254. The court denied Cottini's motion, finding that AS 13.26.291(d) governed fee-shifting in guardianship cases and that Cottini was not entitled to attorney's fees under that statute.

Cottini appealed. We reversed, holding that it was "entirely coincidental that Cottini's request arose within the context of a guardianship proceeding" and concluding that "AS 13.26.291 does not provide the applicable rule of decision in this dispute."[4] We held that under common law agency principles, "unless the parties agree otherwise, the principal has a duty to indemnify the agent for expenditures that were beneficial to the principal."[5]

We remanded the matter for a determination of whether Cottini was entitled to attorney's fees incurred in successfully defending his accounting.[6] Based upon our approach in *Marshall v. First National Bank Alaska*,[7] we identified eight factors to guide the superior court's analysis: (1) "the statutory form power of attorney"; (2) "other relevant documents"; (3) "the common law of agency"; (4) "the total amount of the attorney's fees"; (5) "the amount of the assets managed relative to the amount of the attorney's fees"; (6) "the merits of the parties' arguments in the underlying dispute"; (7) "the extent to which the defense was based on the best interests of the principal in accordance with the power of attorney document and relevant Alaska Statutes"; and

---

[4]     *Cottini*, 420 P.3d at 1262.

[5]     *Id.* at 1263.

[6]     *Id.* at 1269.

[7]     97 P.3d 830 (Alaska 2004).

(8) "the duration, extent, and expense of the agent's defense."[8] We also authorized the superior court to consider "other factors the parties or the court may identify on remand."[9]

## B. Proceedings On Remand

On remand Cottini renewed his request for an award of $148,254 in attorney's fees, and Berggren again opposed. After reviewing the parties' briefing, the superior court concluded that there was a factual dispute regarding the fifth factor — the amount of assets managed — and scheduled an evidentiary hearing.

Cottini presented witnesses and testified that his "conservative estimate" of Berggren's assets while Cottini served as agent was $14,412,474. Cottini also testified that he managed financial transactions totaling over two million dollars. He described the work he did as Berggren's agent during the eight months of Berggren's incapacitation as "more than a full-time job."

Olena Berggren testified that her husband repeatedly stated he did not want Cottini to exercise the power of attorney. She claimed it had not been necessary for Cottini to manage a number of properties and accounts on behalf of Berggren because the assets were either jointly owned by Olena, had other managing partners, or did not require such management.

In rebuttal Cottini testified that Berggren never communicated that he did not want Cottini to act as his agent. Cottini stated that at one point he spoke to Berggren about finances and Berggren became agitated; Berggren's doctors then directed Cottini not to talk to Berggren about finances.

---

[8]     *Cottini*, 420 P.3d at 1269.

[9]     *Id.* at 1270.

## C.    The Superior Court's Order

The superior court issued a detailed order listing each of the *Marshall* factors, concluding that each factor supported an award of attorney's fees, and awarding Cottini the requested $148,254 in attorney's fees. The court "decline[d] to examine each action taken by Cottini as Berggren's agent" because "the time ha[d] passed for Berggren to challenge Cottini's actions as agent." It quoted our statement that because "all of Berggren's objections to Cottini's accounting were withdrawn, Berggren's counterclaims were dismissed with prejudice, and Berggren ultimately agreed to pay almost all of the agency fees and expenditures Cottini requested . . . [Berggren] cannot now argue that Cottini has not successfully defended his accounting."[10]

The court made a number of factual findings regarding the scope and length of Cottini's agency. The court found that the power of attorney "conferred extensive powers, authorities, and obligations on Cottini to act in Berggren's stead"; Cottini's agency began "upon the date of [Berggren's] disability"; and the "breakdown in the relationship between the parties" did not mean Cottini's actions had contravened his obligations as Berggren's agent.

Turning to the litigation over Cottini's actions as agent, the court first found that "Cottini incurred attorney's fees in defending his accounting and agent fees" and the defense "was based on the best interests of the principal." After recognizing that the parties had settled on the eve of trial, the court found that "they did not avoid the costs of preparing for trial" and that the case was not "a simple substantiation issue" as Olena claimed, due to "the wide-ranging scope of the Berggrens' objections." Finally, the court found that "[t]he duration, extent, and expense of Cottini's defense was necessary and reasonable."

---

[10]    *Id.* at 1266.

The court explicitly credited Cottini's testimony and made a number of findings based on his testimony. The court first found that "Berggren did not ask Cottini to relinquish his powers." It then found that in his capacity as agent, Cottini managed Berggren's assets, including those owned jointly by Olena; that a "conservative estimate of the assets [he] managed" was $14,412,474; that he managed financial transactions totaling over two million dollars; and that due to the complicated nature of Berggren's affairs, "serving as Berggren's agent was more than a full-time job."

## III. DISCUSSION

"We review a trial court's factual findings for clear error. Factual findings are clearly erroneous if a review of the entire record leaves us with a definite and firm conviction that a mistake has been made."[11] "The trial court's factual findings enjoy particular deference when they are based 'primarily on oral testimony, because the trial court, not this court, judges the credibility of witnesses and weighs conflicting evidence.' "[12]

"[W]e independently review 'whether the trial court properly applied the law when awarding attorney's fees.' "[13]

---

[11] *Bigley v. Alaska Psychiatric Inst.*, 208 P.3d 168, 178 (Alaska 2009) (footnotes omitted); *see also Jacobus v. Kalenka*, 464 P.3d 1231, 1237 (Alaska 2020) (recognizing that determination of attorneys fee depended upon factual findings, legal rulings, and discretionary determination of reasonable fees).

[12] *Sheffield v. Sheffield*, 265 P.3d 332, 335 (Alaska 2011) (quoting *Josephine B. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 174 P.3d 217, 222 (Alaska 2007)).

[13] *Cottini*, 420 P.3d at 1260 (quoting *State, Office of Pub. Advocacy v. Estate of Jean R.*, 371 P.3d 614, 618 (Alaska 2016)).

**A.** **The Superior Court Did Not Clearly Err Or Abuse Its Discretion By Granting Attorney's Fees On Remand.**

Berggren takes issue with the superior court's analysis of each of the *Marshall* factors. But none of the challenged factual findings were clearly erroneous, nor did the court abuse its discretion when it concluded that Cottini prevailed on each factor.

The court properly refused to consider Berggren's arguments disputing actions Cottini had taken during his agency since those actions had been the subject of the earlier appeal.[14] The current dispute concerns the attorney's fees Cottini incurred defending his accounting; the court did not abuse its discretion by dismissing arguments regarding the already-settled, and appealed, earlier dispute.

The court did not clearly err by rejecting Berggren's argument that Cottini's agency could not begin until Berggren's disability had been established by a doctor's affidavit. It is undisputed that Berggren became incapacitated on July 3, 2013, and the language of the power of attorney states that it becomes effective upon the date of Berggren's incapacity.

The court also did not clearly err by crediting Cottini's testimony that "Berggren did not ask Cottini to relinquish his powers." Because the superior court specifically credited Cottini's testimony over Olena Berggren's, we defer to the court's judgment.[15]

It was also not clear error to find that litigation between Cottini and Berggren was more than "a simple substantiation issue" due to "the wide-ranging scope

---

[14]    *Id.* at 1266.

[15]    *See Sheffield*, 265 P.3d at 335. ("The trial court's factual findings enjoy particular deference when they are based 'primarily on oral testimony, because the trial court, not this court, judges the credibility of witnesses and weighs conflicting evidence.'" (quoting *Josephine B.*, 174 P.3d at 222.)).

of [Berggren's] objections." The record fully supports the court's conclusion that "[t]he duration, extent, and expense of Cottini's defense was necessary and reasonable." The superior court did not abuse its discretion.

Finally, the court did not clearly err by crediting Cottini's testimony over Berggren's when it found that the total value of Berggren's assets during Cottini's agency was over 14 million dollars; that Cottini managed all the assets in his capacity as agent, including joint property and trust assets; and that he managed financial transactions totaling more than two million dollars. Each of the court's findings is supported by Cottini's testimony, and "it is not our role to weigh the evidence anew, but rather to determine whether the trial court's findings are supported by the record."[16]

The superior court's detailed and factually supported order makes clear that Cottini's actions in defending his accounting were beneficial to Berggren and that Cottini is entitled to the reasonable attorney's fees he incurred in that defense.[17]

B.      **The Superior Court Did Not Err By Amending The Caption And Granting Alaska Civil Rule 82 Attorney's Fees.**

After the superior court issued its order, Cottini moved to amend the case caption from "In the Matter of the Protective Proceeding of John Berggren, An Adult" to "Marc Cottini, Plaintiff v. Estate of John Berggren and Olena Berggren, Defendants," mirroring the caption in *Cottini*.[18] Berggren did not oppose the motion and the superior court granted the unopposed motion.

---

[16]     *Keturi v. Keturi*, 84 P.3d 408, 412 (Alaska 2004).

[17]     *See Cottini*, 420 P.3d at 1263 (holding under common law principal has duty to indemnify agent for "expenditures that were beneficial to the principal").

[18]     *Id.*

After the final judgment issued, Cottini filed a motion for Rule 82 attorney's fees as "the prevailing party in a civil case"[19] for the "most recent round of [post-remand] proceedings." Like the motion to amend the caption, this motion was also unopposed. The court amended the final judgment to include an award of Rule 82 attorney's fees.

The day after the amended final judgment was issued, Berggren filed a "Motion for Permission to Act and to File Response" to Cottini's motion for attorney's fees, arguing that the "failure to act was due to excusable neglect."[20] Cottini opposed; the superior court denied Berggren's motion.[21]

We changed the case caption in our previous opinion because we recognized the procedural fluke that this civil case regarding attorney's fees arose within

---

[19]     *See* Alaska R. Civ. P. 82(a) ("Except as otherwise provided by law or agreed to by the parties, the prevailing party in a civil case shall be awarded attorney's fees calculated under this rule.").

[20]     *See* Alaska R. Civ. P. 6(b) ("[T]he court for cause shown may at any time in its discretion . . . upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect . . . .").

[21]     For the sake of judicial economy we rule on the merits of Berggren's appeal of these orders. We note however that any substantive arguments not made before the superior court are waived, *see Hoffman Constr. Co. of Alaska v. U.S. Fabrication & Erection, Inc.*, 32 P.3d 346, 355 (Alaska 2001) ("As a general rule, we will not consider arguments for the first time on appeal."), and the superior court did not clearly err by finding that Berggren did not establish excusable neglect. *See Erica G. v. Taylor Taxi, Inc.*, 357 P.3d 783, 787 (Alaska 2015) (stating that to seek relief on the basis of excusable neglect, "a party must show both neglect and a valid excuse for that neglect" (quoting *Coppe v. Bleicher*, No. S-13631, 2011 WL 832807, at *5 (Alaska Mar. 9, 2011))).

the context of a guardianship proceeding.[22]  The superior court did not err by granting Cottini's motion and similarly amending the caption.

Extensive litigation continued in this matter following remand.  After motion practice and an evidentiary hearing, Cottini prevailed.  He was therefore entitled to attorney's fees under Rule 82 for the post-remand litigation.[23]  The superior court did not err by awarding those fees.

## IV.  CONCLUSION

We AFFIRM each of the superior court's orders.

---

[22]  *See Cottini*, 420 P.3d 1255.

[23]  *See* Alaska R. Civ. P. 82(a) ("Except as otherwise provided by law or agreed to by the parties, the prevailing party in a civil case shall be awarded attorney's fees calculated under this rule.").  We note that Berggren's argument that Rule 82 does not apply in guardianship cases is the exact argument we rejected in *Cottini*.  *See* 420 P.3d at 1262.