**Constance L. GAUSE, Petitioner,**

v.

**Thomas L. GAUSE, Respondent.**

**No. 5210.**

Supreme Court of Alaska.

July 18, 1980.

George E. Weiss, Anchorage, for petitioner.

Linda K. Wilson, Kay, Christie, Fuld, Saville & Coffey, Anchorage, for respondent.

**OPINION**

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

**PER CURIAM.**

Constance Gause filed a petition for review from Judge Carlson's order denying her motion to disqualify the law firm of Kay, Christie, Fuld, Saville & Coffey, on the ground of an alleged conflict of interest, from representing Thomas Gause in a divorce suit. Because postponement of review until normal appeal may be taken from a final judgment could result in an injustice[1] to Mrs. Gause, we granted review.[2] We have concluded, however, that the trial court did not err in denying the motion to disqualify.

**1.** Alaska R.App.P. 23(e).

**2.** On May 6, 1980, we entered an order affirming the trial court's denial of the motion and indicated that an opinion would follow.

The Kay law firm represented Mr. and Mrs. Gause in a suit to collect a debt, the file being closed in September, 1979. The firm also represented Mr. Gause in the defense of a small claims action in 1978. In January, 1980, Mrs. Gause filed a divorce action. Upon Mr. Gause being represented by the Kay firm, she filed her motion for disqualification, which was denied.

In *Aleut Corp. v. McGarvey*, 573 P.2d 473 (Alaska 1978), we set forth the standard to be applied in determining a conflict of interest:

> We believe that an attorney may not represent a third party against a former client where there exists a substantial possibility that knowledge gained by him in the earlier professional relationship can be used against the former client, or where the subject matter of his present undertaking has a substantial relationship to that of his prior representation. These principles have been expressed by many authorities.

*Id.* at 474–75 (footnote omitted).

Here the Kay firm's only representation of Mrs. Gause was in the suit brought by the Gauses to collect a debt. We fail to find any substantial possibility that knowledge gained in such representation could be used against Mrs. Gause in the divorce suit, nor do we find that the subject matter of the divorce case has a substantial relationship to that prior representation.

In the prior representation of Mr. Gause in defense of a small claims action, the firm was not, strictly speaking, representing Mrs. Gause. Nevertheless, if there were something in the nature of that action which would present a substantial possibility that Mrs. Gause was required to furnish information that could be used to her disadvantage in the divorce suit, we would be inclined to regard the representation as joint for the purposes of considering wheth-er a conflict exists. It is almost inconceivable, however, that the representation of a husband in defense of a small claims action could lead to such a result.

In *McGarvey*, we quoted with approval from *T. C. Theatre Corp. v. Warner Bros. Pictures*, 113 F.Supp. 265 (S.D.N.Y.1953), as follows:

> [T]he former client need show no more than that the matters embraced within the pending suit wherein his former attorney appears on behalf of his adversary are substantially related to the matters or cause of action wherein the attorney previously represented him, the former client.[3]

We have previously indicated that the earlier law suits would not, by their nature, normally lead to information substantially related to the divorce suit. If the nature of the litigation indicates such a relationship, no further evidence would be necessary for a movant to prevail. It is still possible, however, that, despite the lack of apparent relationship, confidences creating a conflict may have been revealed to counsel. Here the only evidence presented is Mrs. Gause's affidavit in which she states, "[F]inancial disclosure was required for the representation mentioned, although I cannot at this time recall specific financial facts which I may have disclosed."

In the absence of a more persuasive showing, we hold that Judge Carlson did not err in denying the motion to disqualify.

AFFIRMED.

---

3. *Aleut Corp. v. McGarvey*, 573 P.2d 473, 475 (Alaska 1978).