**Donald W. GABIANELLI, Petitioner,**

v.

**William G. AZAR, Respondent.**

No. S-3024.

Supreme Court of Alaska.

Aug. 4, 1989.

Sally Kucko, Groh, Eggers & Price, Anchorage, for petitioner.

Hoyt M. Cole, Romo & Cole, and Loretta G. Cieutat, Law Office of William G. Azar, Anchorage, for respondent.

OPINION

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

MATTHEWS, Chief Justice.

This appeal presents the question whether the superior court erred in disqualifying an attorney from further participation in a case under Alaska Code of Professional Responsibility Canon 9 (1988). The superior court ruled that the attorney's former personal relationship with the opposing party's accountant created an appearance of impropriety and disqualified the attorney. We reverse for the reasons set forth below.

## I. FACTS AND PROCEEDINGS

According to the allegations in the complaint, this dispute began in 1983, when Donald W. Gabianelli sold a parcel of real property to Paul K. Bowen and Dianne C. Bowen. In 1984, in exchange for a promissory note secured by a deed of trust, Southcentral Enterprises, Inc. acquired the property and assumed the obligations of the 1983 note as modified in 1984. William G. Azar and Dominic S.F. Lee owned Southcentral Enterprises. Southcentral Enterprises defaulted on the note.

Prior to the 1984 transfer, Azar sought the advice of certified public accountant Cheryl A. Bowers. Bowers advised Azar about the tax consequences of the sale as well as the choice of entity to take title to the property. Gabianelli was also a client of Bowers.

In 1985, Gabianelli retained attorney Kenneth P. Eggers to represent him in his efforts to collect the debt. Eggers and

Bowers lived together between 1976 and March 1988.

In 1988, Gabianelli filed suit against Southcentral Enterprises, Azar, Lee, and the Bowens to obtain personal judgments on the promissory note.[1] Gabianelli alleged that Azar and Lee were personally liable on the note because (1) each expressly assumed the obligations thereunder or (2) the corporate protection of Southcentral Enterprises should be disregarded.

Azar requested that Eggers withdraw as attorney for Gabianelli due to Eggers' former personal relationship with Bowers. Eggers refused, stating that he was "convinced that there is no impropriety or ... appearance of impropriety in his continued representation," and that it would be "extremely unfair" to Gabianelli if he withdrew at this stage of the proceedings. Azar then moved to disqualify Eggers. The superior court disqualified Eggers pursuant to Canon 9 of the Alaska Code of Professional Responsibility.

Gabianelli petitioned for review. We granted review and ordered full briefing.

## II. CANON 9

Canon 9 states that "[a] lawyer should avoid even the appearance of professional impropriety." To that end, a lawyer should "promote public confidence in our [legal] system and in the legal profession." Alaska Code of Professional Responsibility EC 9–1 (1988). A lawyer should avoid not only actual impropriety, but also the appearance of impropriety. *Id.* EC 9–6.[2]

Canon 9 is intended to balance the interest of a litigant in securing representation by counsel of his choice against the policy of ensuring public confidence in the judicial system. *Margulies ex rel. Margulies v. Upchurch,* 696 P.2d 1195, 1204 (Utah 1985). However, Canon 9 has often been criticized as vague and question-begging. *E.g., Pantry Pride v. Finley, Kumble, Wagner,*

*Heine, Underberg & Casey (In re Eastern Sugar Antitrust Litigation),* 697 F.2d 524, 530 (3d Cir.1982); *Duca v. Raymark Indus.,* 663 F.Supp. 184, 191 (E.D.Pa.1986). For example, in *Alexander v. Superior Court,* 141 Ariz. 157, 165, 685 P.2d 1309, 1317 (1984), the Arizona Supreme Court ruled that Canon 9 would not preclude an attorney who had represented allegedly defrauded investors in tax court from defending against criminal charges the people accused of defrauding them. The court stated:

> We are, then, only concerned with the "appearance of impropriety," and the question we have before us is whether an appearance of impropriety alone will give a party standing to interfere with an adverse party's choice of counsel.... It is obvious ... that the use of Canon 9 "as a convenient tool for disqualification" should not be encouraged. "To call for the disqualification of opposing counsel for delay or other tactical reasons, in the absence of prejudice to either side, is a practice which will not be tolerated." *Cottonwood Estates v. Paradise Builders,* 128 Ariz. 99, 105, 624 P.2d 296, 302 (1981).

*Id.*

Some courts look to other ethical canons to establish the contours of the conduct proscribed by Canon 9. *Duca,* 663 F.Supp. at 191. Many courts require the moving party to demonstrate that (1) there is a reasonable possibility that some specifically identifiable impropriety occurred, and (2) the likelihood of public suspicion outweighs the social interests served by the attorney's continued participation. *E.g., United States v. Hobson,* 672 F.2d 825, 828 (11th Cir.), *cert. denied,* 459 U.S. 906, 103 S.Ct. 208, 74 L.Ed.2d 166 (1982); *Woods v. Covington County Bank,* 537 F.2d 804, 813 & n. 12 (5th Cir.1976). In *Board of Education v. Nyquist,* 590 F.2d 1241, 1246 (2d

---

1. Only Gabianelli and Azar participated in this appeal.

2. The disciplinary rules enacted pursuant to Canon 9 prohibit an attorney from (1) accepting private employment in a matter in which the attorney was involved as a judge or public employee, or (2) claiming that he has improper influence over a tribunal, legislative body, or public official. Alaska Code of Professional Responsibility DR 9–101 (1988). DR 9–102 addresses standards for handling clients' property and funds.

Cir.1979), the court stated that attorney disqualification is warranted only in two circumstances. First, Canons 5 [3] and 9 require disqualification when the attorney develops a conflict of interest, because the attorney cannot then adequately represent his current client's interests. *Id.* Second, Canons 4 [4] and 9 require disqualification when the attorney is in a position to use privileged information, because the present client could receive an unfair advantage. *Id.* The court stated:

> We believe that when there is no claim that the trial will be tainted, appearance of impropriety is simply too slender a reed on which to rest a disqualification order except in the rarest cases. This is particularly true where, as in this case, the appearance of impropriety is not very clear.

*Id.* at 1247.

We have held that "an attorney may not represent a third party against a former client where there exists a substantial possibility that knowledge gained by [the attorney] in the earlier professional relationship may be used against the former client." [5] *Gause*, 613 P.2d at 1258 (quoting *Aleut Corp. v. McGarvey*, 573 P.2d 473, 474 (Alaska 1978)). In the instant case, which lacks the unseemly element of an attorney taking a position adverse to a former client, Azar should have demonstrated at least a reasonable possibility that Eggers acquired privileged or confidential information from Bowers which could be used to Azar's disadvantage. No such demonstration was made.

A party is entitled to discover any relevant, unprivileged matter. Alaska R.Civ.P. 26(b)(1). No person has the right to refuse to disclose any matter or produce any writing unless the person asserts a privilege specifically recognized by constitution, statute, or court rule. Alaska R. Evid. 501; *see also* Alaska R.Evid. 502–512. Alaska does not recognize an accountant-client privilege. Thus, virtually anything which Bowers might have told Eggers about Azar's business is discoverable. It appears that Azar has produced extensive financial and corporate records concerning Southcentral Enterprises. At oral argument, Azar's counsel was asked to give an example of any relevant confidential information which Bowers might possibly have disclosed to the attorney. He could give no examples, nor are any set forth in the briefs. Thus, we conclude that the superior court erred in disqualifying Eggers.

The decision of the superior court is RE-VERSED.

---

3. Alaska Code of Professional Responsibility Canon 5 (1988) states: "A lawyer should exercise independent professional judgment on behalf of a client."

4. Alaska Code of Professional Responsibility Canon 4 (1988) states: "A lawyer should preserve the confidences and secrets of a client."

5. Similarly, an attorney may not represent a third party against a former client when "the subject matter of the present undertaking has a substantial relationship to that of his prior representation." *Gause v. Gause*, 613 P.2d 1257, 1258 (Alaska 1980).