**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1383
_____

IN RE: 69 NORTH FRANKLIN TURNPIKE, LLC


GRACE S. WONG, Member-69North Franklin Turnpike, LLC,
                                                          Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(No. 2-15-cv-07018)
District Judge:  Honorable Susan D. Wigenton
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 5, 2017
_____

Before:  CHAGARES, GREENAWAY, JR., VANASKIE, <u>Circuit Judges</u>.

(Filed: August 1, 2017)
_____

OPINION[*]
_____


CHAGARES, <u>Circuit Judge</u>.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Debtor 69 North Franklin Turnpike, LLC (the "LLC") appeals from the District Court's dismissal of its pro se Notice of Appeal from two decisions of the Bankruptcy Court. The District Court concluded that the LLC could not proceed on its appeal because it was not represented by licensed legal counsel. We will affirm.

I.

We write solely for the parties and therefore recite only the facts necessary to our disposition. The LLC was the owner of a property located at 69 North Franklin Turnpike in Bergen County, New Jersey (the "Property"). The LLC executed a mortgage in favor of the respondent, PNC Bank, to secure a loan made by Grace S. Wong, who was a shareholder in the LLC. Wong defaulted on the loan, and PNC thereafter filed suit for damages against Wong as borrower and several guarantors, including the LLC. PNC Bank also filed foreclosure actions to secure the loan, including an action to foreclose the mortgage given by the LLC on the Property.

Final judgment in the foreclosure action was entered in PNC's favor. A Sheriff's Sale of the Property was scheduled for March 13, 2015 and postponed until April 10, 2015. Wong filed a pro se Chapter 11 petition on behalf of the LLC on April 6, 2015. The Sheriff's sale was again postponed due to the filing of the petition.

On April 21, 2015, PNC filed a Motion to Dismiss the Bankruptcy Petition, to bar future filings, for sanctions, and for other relief with respect to the Property. Before that motion was decided, the LLC's bankruptcy case was administratively dismissed.

On May 8, 2015, on the same day that Sheriff's Sale of the Property was scheduled to occur, Wong's husband, Steven Wong, filed for bankruptcy. PNC again

2

postponed the Sheriff's Sale. The Sheriff's Sale of the Property was conducted in early June 2015,[1] and the Property was sold.

The Bankruptcy Court, in an "Order Barring Future Filings for Two (2) Years" dated July 28, 2015, confirmed that the Court had administratively dismissed the LLC's bankruptcy case, thereby mooting PNC's Motion to Dismiss. Appendix ("App.") 19. The Bankruptcy Court further concluded that the bankruptcy case was filed in bad faith. App. 19. The Court additionally noted that Wong had represented to the Court that she had no objection to a two year bar on future filings. App. 19. Thus, the Court prohibited the LLC from filing another petition for relief under the Bankruptcy Code for a period of two years from the date of entry of the order. App. 19.

Thereafter, Wong, appearing pro se on behalf of the LLC, filed a Motion for Reconsideration of the July 28, 2015 Order. Wong also filed an emergency "Motion to Joinder." Wong is not an attorney. The Bankruptcy Court held argument on September 1, 2015. At that hearing, the Court explicitly warned Wong that she was not permitted to appear pro se on behalf of the LLC, stating inter alia, that "there was to be no further appearance pro se, [and] that the entities needed to retain an attorney to represent them." App. 32.

On November 2, 2015, Wong filed a pro se Motion for Stay Pending Appeal on behalf of the LLC. PNC filed a Motion for an Order Striking the Motion for Stay Pending Appeal, which the Bankruptcy Court granted on December 9, 2015.

---

[1] There is some discrepancy in the record as to the date of the Sheriff's Sale. PNC states that it was held on June 5, 2015. PNC Br. 2. However, Wong stated that it was held on June 10, 2015. Supplemental Appendix 6.

Wong, on behalf of the LLC, filed a pro se Notice of Appeal to the District Court. PNC moved to dismiss the Notice of Appeal. The District Court granted the motion and dismissed the case. In its dismissal order, the District Court explicitly reiterated that "Ms. Wong is prohibited from submitting additional filings on behalf of [the LLC] in the matter." App. 33.

Wong filed a Notice of Appeal to our Court on February 16, 2016 in which she identified herself as a Member of the LLC and purported to appeal on behalf of the LLC. Wong subsequently made several filings on the appellate docket, including "Submissions on Appellate Jurisdiction" dated March 18, 2016 and a Motion to Stay dated April 25, 2016. Counsel for the LLC entered an appearance on July 14, 2016.

II.[2]

On appeal, the LLC argues that the District Court erred in dismissing the appeal and not giving it an opportunity to cure the deficiency. We do not agree.

The District Court concluded that dismissal was appropriate because the Notice of Appeal was filed by Wong, a non-attorney. It is well established that a corporate entity such as a limited liability company may not proceed pro se and must be represented by legal counsel. Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); United

---

[2] The Bankruptcy Court had jurisdiction over this matter pursuant to 28 U.S.C. § 157(a) and (b)(1). The District Court had jurisdiction pursuant to 28 U.S.C. § 158(a). We have appellate jurisdiction under 28 U.S.C. § 1291.

4

States v. Cocivera, 104 F.3d 566, 572–73 (3d Cir. 1996) (same). The LLC does not escape this rule merely because Wong is its managing member.

The LLC next argues that it was entitled to an opportunity to cure the deficiency. Several of our sister Circuit Courts of Appeals have observed that a pro se notice of appeal may proceed where the corporate entity immediately retains counsel who promptly enters an appearance and undertakes the representation. See, e.g., Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 22 (1st Cir. 2000) ("[A] corporate officer may sign and file a notice of appeal on behalf of the corporation, as long as the corporation then promptly retains counsel to take up the cudgels and prosecute the appeal."); Bigelow v. Brady, 179 F.3d 1164, 1165–66 (9th Cir. 1999) (same). This case is plainly distinguishable, however, as Wong evinced a "clear[ ] intent[ion]" to proceed pro se. D-Beam Ltd. P'ship v. Roller Derby Skates, Inc., 366 F.3d 972, 974 (9th Cir. 2004). Indeed, despite multiple warnings about representing the company or filing on its behalf, App. 32, Wong purported to represent the LLC both before the District Court and continued to do so before our Court. In such circumstances, permitting the LLC an opportunity to cure "would eviscerate the requirement that corporations and other entities be represented by counsel." D-Beam, 366 F.3d at 974. The District Court therefore did not err in dismissing the Notice of Appeal without an opportunity to cure.

IV.

For the foregoing reasons, we will affirm the District Court's order dismissing the case.

5