William Parlier petitions for review of a superior court order entering default and dismissing the counterclaims of his co-defendants Parlier Investments, LLC, McHenry Detective Agency, LLC, and Shares #1 & #17 of Sockeye Salmon, Inc. Parlier's petition asserts that he is the sole owner and member of Parlier Investments, LLC and McHenry Detective Agency, LLC and that McHenry is the owner of stock certificates #1 and #17 in Sockeye Salmon, Inc. The superior court entered this order because Parlier had attempted to represent these co-defendants in court, but he is not a licensed attorney.
The superior court did not explain all of its reasoning in the order under review, but it is clear from the context that this order was entered because the co-defendants were not represented by counsel. Parlier's petition is primarily based on distinguishing AS 22.20.040(a)(2), which provides: "a corporation, either public or private, shall appear by an attorney in all cases unless an exception to the corporation's appearance by an attorney has been explicitly made by law." Parlier argues that this statute does not apply to limited liability companies because limited liability companies are not corporations.
CAN-ADA's[1] response partially relies on this statute. But it goes on to cite several cases holding that limited liability companies must hire counsel for court litigation. These cases are consistent with AS 08.08.210(a), which provides: "A person may not engage in the practice of law in the state unless the person is licensed to practice law in Alaska and is an active member of the Alaska Bar." Applying this statute, we have held that a non-attorney may not represent another person in court, even when authorized by a power of attorney.[2]
Parlier cites no contrary authority. We agree with the respondents and with recent cases from other jurisdictions.[3] A limited liability company must hire counsel for court litigation.
Parlier also asks us to review orders the superior court entered in February 2018 and August 2018, but his petition is untimely with respect to those orders. He also asks us to stay further proceedings in this case until his fraudulent conveyance case goes to trial, but he does not indicate that he has presented this issue to the superior court for decision.
We therefore GRANT the petition for review and AFFIRM the superior court's order entering default and dismissing the counterclaims of Parlier Investments, LLC, McHenry *424 Detective Agency, LLC, and Shares #1 & #17 of Sockeye Salmon, Inc. We DENY the petition for review on all other issues.
Entered by direction of the court.

We refer to the respondents collectively as CAN-ADA.

Christiansen v. Melinda , 857 P.2d 345, 346-47, 349 (Alaska 1993) ; see also McKay v. Longval , No. S-15806, 2016 WL 4056392, at *4 (Alaska July 27, 2016) ("[A] parent, filing an action pro se, may not act as a legal representative on behalf of a minor child.").

In re 69 N. Franklin Tpk., LLC , 693 F. App'x 141, 144 (3d Cir. 2017) (holding that "a limited liability company may not proceed pro se and must be represented by legal counsel"); In re Rouge House, LLC , 246 So. 3d 580, 583 (La. App. 2018) (holding that member-manager could not represent LLC on appeal); Zapata v. McHugh , 296 Neb. 216, 893 N.W.2d 720, 727-28 (2017) (holding that an LLC cannot be represented in court by a layperson, even by assignment); David R. Nicholson, Builder, LLC v. Jablonski , 163 A.3d 1048, 1054 (Pa. Super. 2017) (holding that LLC entities may not litigate in Pennsylvania courts except through a licensed attorney).