*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| TERA BUNTON, Personal Representative of the Estate of HELEN A. LINGLEY, | ) ) ) ) |
| Appellant, | ) ) |
| v. | ) ) |
| ALASKA AIRLINES, INC. and DAN KANE, | ) ) ) |
| Appellees. | ) ) ) |

Supreme Court No. S-17110

Superior Court No. 1PE-12-00047 CI

O P I N I O N

No. 7506 – February 19, 2021

Appeal from the Superior Court of the State of Alaska, First Judicial District, Petersburg, William B. Carey, Judge.

Appearances: Michael P. Nash, Law Offices of Michael P. Nash, P.C., Wrangell; Deborah A. Holbrook, Law Office of Deborah A. Holbrook, Juneau; and Mary Alice McKeen, Law Office of Mary Alice McKeen, Juneau, for Appellant. Gregory S. Fisher and Elizabeth P. Hodes, Davis Wright Tremaine LLP, Anchorage, for Appellees.

Before: Bolger, Chief Justice, Winfree, Maassen, and Carney, Justices.

BOLGER, Chief Justice.

## I.     INTRODUCTION

An employee sued her former employer for wrongful termination. The

employee died, but her attorney continued to litigate, negotiate, and mediate the case for another year before informing the court or opposing counsel of her death. The superior court concluded that the attorney had committed serious ethical violations related to this delay and disqualified him from the case. Post-disqualification, the attorney filed a motion to substitute the personal representative of the employee's estate as plaintiff. The superior court issued an order dismissing the case on several grounds. We conclude that the court did not abuse its discretion by disqualifying the attorney and denying the motion for substitution he submitted. The superior court was correct to dismiss the case, as only one party remained, but we conclude that granting summary judgment in favor of the former employer and supervisor was error. The estate is not entitled to appeal the court's refusal to enforce a draft settlement agreement signed by the employee before her death and does not have standing to appeal the sanctions imposed against the attorney. But because the estate was not allowed to participate as a party, we conclude that awarding affirmative relief against it was error.

## II.    FACTS AND PROCEDURAL HISTORY

Helen Lingley worked for Alaska Airlines in Juneau as an airport customer service representative beginning in 1997. In February 2012 Alaska Airlines terminated Lingley's employment, citing violations of company rules and policies. Lingley filed a complaint against Alaska Airlines and her supervisor, Dan Kane, alleging wrongful termination and breach of the implied covenant of good faith and fair dealing. The superior court dismissed the complaint, but we reversed on appeal, holding that Lingley should have been allowed to amend her wrongful termination and potential age

discrimination allegations.[1]  We remanded the case to the superior court in May 2016.[2]

In June 2016 Alaska Airlines offered Lingley $20,000 in exchange for a "standard settlement agreement and release."  Lingley's attorney, Fred Triem, prepared a settlement agreement without consulting Alaska Airlines, and Lingley signed it on June 22.  After Triem tendered the agreement, Alaska Airlines countered that his submission was not "Alaska Airlines' standard settlement agreement" and drafted a "Confidential Settlement and Release Agreement," which it sent to Triem on June 27.

But Lingley never had a chance to review the proposed settlement.  She died on June 24, having suffered from terminal metastatic lung cancer for more than a year.  Triem did not inform the court or Alaska Airlines of her death.  Unaware that Lingley had died, Alaska Airlines continued settlement negotiations and discovery preparation.  At one point Alaska Airlines offered to use Triem's settlement agreement, with the addition of federally mandated terms and a more thorough waiver of claims.  Triem rejected the proposal.

On August 1 Triem filed a motion to enforce the settlement agreement that Lingley had signed on June 22.[3]  On August 11 Triem filed a third amended complaint, alleging breach of the settlement agreement as a new claim against Alaska Airlines, again without informing the court or Alaska Airlines of Lingley's death.  After oral argument

---

[1]     *Lingley v. Alaska Airlines, Inc.*, 373 P.3d 506, 515-17 (Alaska 2016).

[2]     *Id*. at 506.

[3]     From Lingley's death in June 2016 through May 2017, Triem continued to file motions and appear in court purporting to represent her, so conventionally we would refer to his legal actions as being taken by Lingley.  Because Lingley was deceased and her Estate had not been substituted as a party, we will instead refer to "Triem's" actions.  However, the superior court and Alaska Airlines would have perceived them as Lingley's actions.

the superior court denied the motion to enforce the signed settlement agreement and granted Alaska Airlines' cross-motion for attorney's fees. The superior court noted the parties' inability to reconcile their competing versions of a standard settlement agreement, concluding that this meant that they had not reached the "meeting of the minds" required to generate an enforceable contract.[4] The superior court awarded Alaska Airlines $5,000 in fees for Triem's "unreasonable and vexatious" behavior, imposed jointly and severally on both Lingley and Triem.[5]

In February 2017 Alaska Airlines moved for a settlement conference, and the attorneys participated in mediation throughout April 2017. According to Alaska Airlines' counsel the parties appeared close to an accord, but Triem requested that the attorneys sign an agreement instead of the clients and that the settlement funds be deposited in his trust account as a lump sum without withholding taxes. When Alaska Airlines refused, the mediation concluded without a settlement being reached. On May 1 Triem informed Alaska Airlines of Lingley's death and filed a Notice of Death stating that Triem had been unaware of Lingley's death until that day.

Alaska Airlines immediately filed a Notice of Suggestion of Death. Alaska Airlines then moved to disqualify Triem from representing any interested person in the case, which the superior court granted. Alaska Airlines also moved for sanctions, dismissal, and summary judgment.

---

[4]     Triem appealed the denial of his motion to enforce, bringing Lingley's case before us for the second time. We relinquished jurisdiction and remanded this appeal on July 14, 2017, after being notified of Lingley's death.

[5]     Alaska Civil Rules 77(j) and 95 allow the court to impose costs and attorney's fees against a party for filing frivolous or unnecessary motions.

One month after the disqualification order, Triem moved to substitute the personal representative for Lingley's estate (the Estate) as plaintiff in Lingley's stead.[6] Alaska Airlines opposed the motion on the grounds that "Fred Triem cannot represent the Estate or any interested person because he has already been disqualified." It renewed its motions for dismissal and summary judgment, arguing that Triem's "egregious litigation misconduct" warranted dismissal and that no issues of material fact remained.[7]

The superior court held oral argument on August 22 to address the pending motions. The Estate's lawyer, Deborah Holbrook, entered a limited appearance to address the "matters currently scheduled for oral argument." She asked that the case be allowed to go forward and that Triem not be disqualified because the Estate could not afford or identify a different lawyer.[8] Holbrook stated:

> Mr. Triem had and has the Estate's authorization to seek substitution of the Estate for the Plaintiff Helen Lingley

---

[6]     Alaska Civil Rule 25(a) states:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by the successors or representatives of the deceased party or by any party . . . . Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

[7]     *See* Alaska R. Civ. P. 56(c) (providing that a party is entitled to summary judgment where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law").

[8]     Holbrook opened a probate case for the Estate on July 31, 2017. She stated in court that she was "not willing to substitute into Helen Lingley's wrongful termination case against Alaska Airlines."

in the wrongful termination case. Both Helen Lingley and the personal representative were very pleased with Mr. Triem's professional representation in the case . . . .

. . . .

. . . In fact, the Estate wants to state very clearly on the record that if the court . . . maintains its ruling that the Estate doesn't have the right to choose its own attorney and must hire someone other than Mr. Triem, that that's basically going to be handing down a death sentence to the Estate's pursuit of the wrongful termination case . . . .

She noted that Triem had taken Lingley's case pro bono, that it was unlikely any other attorney would take the case, and that she was not "willing to work the hundreds of unpaid hours that have been . . . required in this case." And she concluded that "the Estate is knowingly and voluntarily willing to waive whatever conflict of interest the court believes exists between the Estate and Mr. Triem."

In January 2018 the superior court issued an omnibus order denying the motion for substitution and dismissing the case. It concluded that Triem's disqualification clearly denied him the authority to move for substitution. The court concluded:

Because Triem had no authority to file the motion to substitute, its filing was ineffective as to its purported purpose. No valid motion for substitution of a party was filed within the 90 days contemplated by Rule 25. The Motion for Substitution is denied on that basis and pursuant to Rule 25, this matter may be and is dismissed. (Emphasis omitted.)

As an independent basis for dismissal, the court also noted that Lingley's "demise . . . without preserving her testimony in any way . . . left [Lingley] and her estate unable to prove her various claims."

Finally, the superior court also granted summary judgment to Alaska Airlines and its supervisor. The court found that, "as a matter of law," Lingley had not been wrongly terminated because it was undisputed that she violated a company policy. The court stated that Lingley had proffered only a "generalized pleading" in support of her claims for wrongful discharge, age discrimination, and economic discrimination, which "lack[ed] any foundational basis." The court noted that the motion for summary judgment had been filed before Triem had been disqualified but, as Triem had not filed any response, Lingley had effectively not opposed the motion. Finding "no genuine issue of fact regarding the unopposed motion for summary judgment," the superior court concluded that Alaska Airlines was entitled to judgment as a matter of law.

Alaska Airlines filed a proposed judgment naming the Estate as plaintiff; Triem filed an opposition, arguing that the court could not enter a judgment against the Estate after ruling that it was not a party. But the superior court rejected Triem's opposition because "Triem no longer represents [Lingley], having been disqualified from doing so."

On March 27, 2018, the superior court issued a final judgment in favor of Alaska Airlines. Although Alaska Airlines was declared the prevailing party, the court ruled that it could recover "$0" from the Estate and instead assessed costs and attorney's fees "against counsel." Alaska Airlines sought an award of $225,607.60, representing fees and costs from June 2016 through August 2017 and a $50,000.00 penalty under Alaska Civil Rule 95(b). It argued that the Estate should be jointly liable based on Triem's contention that Lingley had authorized him to "act on her behalf as he saw fit, without having to communicate or give notice to her regarding his actions and decisions."

The superior court rejected Alaska Airlines' argument, concluding that "the claims regarding Triem's purported blanket authority to act as he did were and are false,"

and that the lengthy and vexatious nature of the case was "attributable to the conduct of the attorney alone." Therefore the court refused to "require the heirs of Helen Lingley to bear the burden of attorney's fees incurred as a result of Lingley's own attorney's misconduct." Sanctioning Triem under Rule 95 and awarding attorney's fees and costs under Alaska Civil Rule 82, the court entered a judgment of $99,159.02 against Triem and in favor of Alaska Airlines.

On April 5 Alaska Airlines filed an additional motion for attorney's fees under Rule 82, arguing that the Estate was liable for 20% of the $209,902.71 in fees incurred while Lingley was still alive — a total of $42,002.09. Alaska Airlines mailed this motion, along with a notice of filing the proposed amended final judgment, to the attorney representing the personal representative in the probate case. She did not respond.

On May 3 the superior court issued an amended final judgment and an order granting Alaska Airlines' motion for attorney's fees and costs, noting that there had been "no opposition filed." The superior court granted Alaska Airlines an award of $43,416.82 in fees and costs against the Estate in addition to the award of $99,159.02 against Triem.

The Estate appeals, challenging the superior court's grant of summary judgment, Triem's disqualification and subsequent inability to participate, the court's personal jurisdiction over the Estate, and the attorney's fees awarded against both Triem and the Estate.[9]

---

[9] Both Triem and the Estate's current attorney timely filed statements of points on appeal with this court. Triem also separately appealed the judgment against him, but the action was dismissed for want of prosecution. *Triem v. Alaska Airlines, Inc.*, No. S-17679 (Alaska Supreme Court Order, Sept. 2, 2020).

## III. STANDARD OF REVIEW

We review a superior court's decision to disqualify counsel for abuse of discretion.[10] "We will find an abuse of discretion when the decision on review is manifestly unreasonable."[11]

The superior court's jurisdiction to enter judgment against the Estate is a matter of law that we review de novo, "adopt[ing] the rule of law that is most persuasive in light of precedent, reason, and policy."[12] "Whether a party has standing to sue is a question of law that we review de novo."[13]

## IV. DISCUSSION

### A. The Superior Court Did Not Violate The Estate's Right To Be Represented By Counsel Of Its Choice.

#### 1. The Estate has standing to challenge the disqualification and properly preserved the issue for appeal.

Alaska Airlines argues that the Estate lacks standing to challenge Triem's disqualification. We reject that argument. The Estate has an adequate interest to properly challenge Triem's disqualification. A party has interest-injury standing if it has "a 'sufficient personal stake' in the outcome of the controversy and 'an interest which

---

[10] *Richard B. v. State, Dep't of Health & Soc. Servs., Div. of Family & Youth Servs.*, 71 P.3d 811, 817 (Alaska 2003) (quoting *In re Estate of McCoy*, 844 P.2d 1131, 1135-36 (Alaska 1993) (applying the abuse of discretion standard to a disqualification in an estate case)).

[11] *Sykes v. Lawless*, 474 P.3d 636, 646 (Alaska 2020) (quoting *Erica G. v. Taylor Taxi, Inc.*, 357 P.3d 783, 786-87 (Alaska 2015)).

[12] *See Harper v. BioLife Energy Sys., Inc.*, 426 P.3d 1067, 1071 (Alaska 2018) (quoting *Polar Supply Co. v. Steelmaster Indus., Inc.*, 127 P.3d 52, 54 (Alaska 2005)).

[13] *Keller v. French,* 205 P.3d 299, 302 (Alaska 2009).

is adversely affected by the complained-of conduct.' "[14] The Estate's interest is in its choice of counsel, an interest we have recognized as important but not absolute.[15] We have reviewed appeals concerning disqualification without questioning a litigant's standing to raise the issue.[16] This case is complicated by the convoluted nature of the proceedings and the disputed issue of whether and for what purposes the Estate is a party. But the nature of the Estate's participation in the case is necessarily bound up with the superior court's disqualification decision. The Estate's motion to substitute as a party under Rule 25 was rejected because it had been filed by Triem after his disqualification. Thus, the Estate's entire interest in the case hinged on the superior court's decision to disqualify Triem. We therefore conclude that the Estate has standing to challenge that decision.

Alaska Airlines also argues that the Estate waived its right to challenge Triem's disqualification because it failed to object when Triem was first disqualified in 2017. Appellants must show they have raised an issue in the superior court to preserve the issue for appeal.[17] The superior court disqualified Triem on June 26, 2017. The motion for substitution was filed on July 31, and the Estate appeared at oral argument

---

[14] *Id.* at 304 (footnote omitted) (first quoting *Ruckle v. Anchorage Sch. Dist.*, 85 P.3d 1030, 1040 (Alaska 2004); then quoting *Alaskans for a Common Language, Inc. v. Kritz*, 3 P.3d 906, 915 (Alaska 2000)).

[15] *Gabianelli v. Azar*, 777 P.2d 1167, 1168 (Alaska 1989) (noting that the "interest of a litigant in securing representation by counsel of his choice" must be weighed "against the policy of ensuring public confidence in the judicial system").

[16] *See*, *e.g.*, *Munn v. Bristol Bay Hous. Auth.*, 777 P.2d 188, 196-97 (Alaska 1989) (concerning the denial of a disqualification motion); *Aleut Corp. v. McGarvey*, 573 P.2d 473, 474-75 (Alaska 1978) (same).

[17] *Stephanie W. v. Maxwell V.*, 319 P.3d 219, 225 (Alaska 2014).

three weeks later to argue that the disqualification should be set aside. We conclude that the Estate adequately objected to the disqualification order at its first opportunity, preserving its right to challenge that order here.

### 2. The superior court did not abuse its discretion by disqualifying Triem.

The Estate argues that the superior court improperly denied the Estate its right to have the attorney of its choice when it disqualified Triem. Although the Estate has an interest in choosing its representation, this interest is not absolute: it must be balanced against competing considerations. The superior court has the discretion to disqualify counsel for violation of ethical rules or other serious misconduct.[18] The superior court did not abuse that discretion in this case.

Most of our precedent concerning lawyer disqualification arises from conflict of interest cases.[19] Accordingly the Estate argues that its waiver of "any and all potential conflicts" should have precluded Triem's disqualification. But disqualification is also a proper remedy for cases of gross attorney misconduct.

The represented party's interest is not the only interest a court must consider when faced with a disqualification motion.[20] The court must also balance the

---

[18]     *Richard B. v. State, Dep't. of Health & Soc. Servs., Div. of Family & Youth Servs.*, 71 P.3d 811, 817-21 (Alaska 2003); *Aleut Corp.*, 573 P.2d at 476.

[19]     *See Richard B.*, 71 P.3d at 817-18; *Aleut Corp.*, 573 P.2d at 474.

[20]     *See, e.g., Roosevelt Irrigation Dist. v. Salt River Project Agric. Improvement & Power Dist.*, 810 F. Supp. 2d 929, 984 (D. Ariz. 2011) ("Courts have considered the following factors in such an analysis: (1) the nature of the ethical violation; (2) the prejudice to the parties, including the extent of actual or potential delay in the proceedings; (3) the effectiveness of counsel in light of the violations; (4) the public's perception of the profession; and (5) whether a motion to disqualify has been

(continued...)

competing interests of the opposing party, the court, and the public. All parties have an interest in a fair trial, the court has an interest in managing its docket efficiently, and the public has an interest in a justice system deserving of its trust. When faced with gross misconduct that calls the integrity of the justice system into question, a court must protect its own integrity, the integrity of the bar, and the integrity of the justice system as a whole. One way to do so is by disqualifying the offending attorney.

The superior court found in its disqualification order that "Triem breached multiple professional and ethical standards." Among other violations, the court found that Triem made "material misstatements and factual misrepresentations," filed court documents without authority, "engag[ed] in vexatious litigation that resulted in sanctions," negotiated settlement without authority, and concealed the death of his client for close to a year. The superior court concluded that "Triem's misconduct . . . detrimentally prejudiced the rights and interests" of Lingley and Alaska Airlines, as well as the "[c]ourt's interest in the administration of justice and maintaining the integrity of judicial proceedings." The superior court further concluded that Triem's actions "created numerous actual or potential conflicts with Helen Lingley's Estate."

When the Estate sought to waive those conflicts and have Triem continue as counsel, the superior court considered the Estate's request but determined that Triem's behavior "was an affront to the court, opposing counsel and the fair administration of justice." Accordingly, the court declined to "revisit or reconsider its disqualification of Triem on those grounds." The court properly weighed the various interests at stake in

---

[20]    (...continued)
used as a tactical device or a means of harassment."); *see also* RICHARD E. FLAMM, LAWYER DISQUALIFICATION: DISQUALIFICATION OF ATTORNEYS AND LAW FIRMS, 581-604 (2d ed. 2014) (discussing at length the factors that courts balance when considering disqualification).

Triem's disqualification. It did not abuse its discretion in maintaining that disqualification in the face of the Estate's request.

The Estate argues that a higher standard of disqualification should apply to Triem as he had taken the case pro bono. Other courts have explored this issue and found the interest of a party in pro bono representation to be especially compelling.[21] We recognize the merits of this reasoning, as the disqualification of pro bono counsel could present a litigant with the choice of continuing pro se or abandoning the case altogether. However, given the Estate's ability to procure the services of an attorney for a limited appearance at the superior court, as well as its competent representation before this court, it is clear that the Estate did not face such a choice. And we are unwilling to grant pro bono attorneys blanket protection from disqualification. The misconduct at issue here would be sufficient to overcome any heightened disqualification standard for pro bono attorneys.

### 3. The Estate's argument that it deserved a hearing prior to Triem's disqualification is waived.

The Estate also argues that it was entitled to an evidentiary hearing before the disqualification order against Triem was entered. But this argument first appears in the Estate's reply brief. We consider arguments not raised in an appellant's opening brief to be waived.[22] By failing to raise this issue in its opening brief, the Estate has waived the argument.

---

[21] *See, e.g.*, *S.E.C. v. King Chuen Tang*, 831 F. Supp. 2d 1130, 1144 (N.D. Cal. 2011) (finding severe prejudice would arise from the disqualification of pro bono counsel).

[22] The reply brief "may raise no contentions not previously raised in either the appellant's or appellee's briefs." Alaska R. App. P. 212(c)(3).

**B.    The Superior Court Was Not Required To Consider Triem's Motion For Substitution.**

Having established that the superior court did not abuse its discretion by disqualifying Triem, we find no reason that would have compelled the court to consider Triem's later motion for substitution. The inability to continue participating in a matter is the primary consequence of lawyer disqualification. If it was not error to disqualify Triem, it could not have been error to enforce the primary consequence of his disqualification.

The Estate knew of Triem's disqualification and even appeared, through counsel, to argue that he be allowed to continue the case. Knowing of Lingley's death and Triem's disqualification, the Estate should have been aware that it needed to file a motion to substitute through different counsel. It failed to do so. Absent a proper motion to substitute, Rule 25 compels dismissal.[23] The superior court did not abuse its discretion in dismissing the case.

The Estate argues in the alternative that the superior court should have treated the motion for substitution as a request to appear pro se. But the Estate was represented by counsel when it argued that it would be unable to litigate further without Triem as its attorney. Counsel did not argue at that time that the Estate wished to pursue its claim pro se. And in other contexts we have concluded that a non-lawyer may not

---

[23]    "Unless the motion for substitution is made . . . the action shall be dismissed as to the deceased party." Alaska R. Civ. P. 25(a).

represent another entity in court litigation.[24]   Therefore, the superior court was not required to recognize the motion for substitution as a request to appear pro se.

## C.   Entering Judgment Against The Estate Was Error.

Although the superior court acted properly when it dismissed the action, it erred when it entered a judgment of attorney's fees against the Estate.  Under Rule 25, when a party has not been properly substituted for a decedent, the superior court lacks jurisdiction to enter judgment against it.[25]  Entering judgment against a party that has no chance to fully contest it violates the principles of due process undergirding our legal system.[26]  But the superior court did just that when it entered judgment against the Estate

---

[24]   *See Parlier v. CAN-ADA Crushing & Gravel Co.*, 441 P.3d 422, 423 (Alaska 2019) (holding that the sole owner and member of an LLC "must hire counsel for court litigation"); *Christiansen v. Melinda*, 857 P.2d 345, 349 (Alaska 1993) ("A statutory power of attorney does not entitle an agent to appear pro se in his principal's place.").

[25]   *See In re Estate of Einstoss*, 257 N.E.2d 637, 641 (N.Y. 1970) ("Under Federal law, as well as that of all other common-law jurisdictions, if a party dies before a verdict or decision is rendered in an action, it abates as to him and must be dismissed unless it is revived by substituting his personal representative."); *cf. Pendleton v. Russell*, 144 U.S. 640, 644-45 (1892) ("The judgment was therefore no more valid against a nonexisting corporation than it would have been if rendered for a like amount against a dead man.").

[26]   A litigant's ability to meaningfully respond to adverse claims and orders is a bedrock principle of the rule of law.  This notion sounds in modern constitutional law.  *See DeNardo v. Maassen*, 200 P.3d 305, 315 (Alaska 2009) ("[P]rocedural due process under the Alaska Constitution requires notice and opportunity for hearing appropriate to the nature of the case." (alteration in original) (quoting *Price v. Eastham*, 75 P.3d 1051, 1056 (Alaska 2003))).  But it also has deep roots in the common law tradition.  *See Hollingsworth v. Barbour*, 29 U.S. 466, 475 (1830) ("It is an acknowledged general principle, that judgments and decrees are binding only upon parties and privies.  The reason of the rule is founded in the immutable principle of

(continued...)

after ruling that it was not a party and allowing it no opportunity to contest Alaska Airlines' motions for summary judgment and attorney's fees.[27]

For the same reasons, it was also error to grant Alaska Airlines' motion for summary judgment. The superior court, faced with a quagmire of conflicting motions that could terminate the case, issued an "omnibus order" to resolve them all at once. The court properly dismissed the case under Rule 25, as the Estate had not been properly substituted as a party. However, the superior court also disposed of the case on the merits by granting summary judgment. Such an order is inconsistent with the text of Rule 25, which compels dismissal — not judgment on the merits — if the deceased party is not replaced via substitution. It is also inconsistent with due process and the adversarial nature of our justice system, as there was no party to argue against summary judgment. Given the implications of a case that continues with only one party present, dismissal under Rule 25 is the only reasonable outcome.

Due process requires "notice and opportunity for hearing appropriate to the nature of the case."[28] Here the Estate had no notice that it could be subject to a judgment of the court. Triem had an opportunity to respond to Alaska Airlines' summary

_____

**26**  (...continued)
natural justice, that no man's right should be prejudiced by the judgment or decree of a court, without an opportunity of defending the right.").

**27**  It is true that court decisions can have binding effect on nonparties that are in privity with a party subject to an earlier judgment. *See Donnelly v. Eklutna, Inc.,* 973 P.2d 87, 92-93 (Alaska 1999) (holding that family members in privity with a deceased homesteader were barred from re-litigating claims previously resolved against the homesteader in another court). But even if the Estate is in privity with Lingley by succession, neither Lingley nor the Estate can be bound by a judgment that they had no ability to contest.

**28**  *DeNardo*, 200 P.3d at 315 (quoting *Price*, 75 P.3d at 1056).

judgment motion and failed to do so. But by then Triem represented neither Lingley, who was dead, nor the Estate, which was not a party to the case. The Estate may have had notice, in a general way, of some of the motions filed. But because it had never been made a party to the case, it lacked the incentive to respond in the way that a litigant usually would: it was not on notice that failure to respond could jeopardize its interests. Absent that notice, the superior court could not fairly enter judgment against the Estate.

After being granted a substantial judgment for attorney's fees against Triem, Alaska Airlines sought additional fees from the Estate. Alaska Airlines stated it had given notice to the Estate's attorney, but that does not change the fact that the Estate was never a party to the case.[29] Alaska Airlines could have moved to substitute the Estate for Helen Lingley.[30] It did not do so; it instead argued against substitution in the superior court and continues to do so now. But Alaska Airlines cannot have it both ways. Either the Estate is a party amenable to the judgment of the court, or it is not. The Estate is not a party, so it is not amenable to judgment. The superior court therefore erred in entering judgment against the Estate.

D.      **The Estate Is Not Entitled To Appeal Other Aspects Of The Judgment.**

1.      **As a non-party, the Estate is not entitled to appeal the court's refusal to enforce the settlement agreement.**

For the same reasons the superior court was barred from entering judgment against the Estate, the Estate is barred from appealing elements of the case that have no

---

[29]      Further, Holbrook represented the Estate only in its probate action; she expressly refused to participate in the wrongful termination case beyond her limited appearance contesting Triem's disqualification.

[30]      Alaska R. Civ. P. 25(a) ("The motion for substitution may be made by the successors or representatives of the deceased party or by any party . . . ."); *see also Hester v. Landau*, 420 P.3d 1285, 1286-87 (Alaska 2018) (describing plaintiff's successful motion to substitute defendant's estate for deceased defendant).

legal effect on it. It challenges the court's refusal to enforce the signed settlement agreement, but absent a valid substitution motion the Estate is not a party to the case and cannot appeal this issue.[31]

Without a plaintiff, the superior court was compelled to dismiss the case. Any pending motions on the merits of the case were rendered moot, as the adversarial process required for the court to dispose of them had been terminated. The Estate could have filed a proper motion for substitution and continued the litigation, but it did not do so. Thus the matter was properly dismissed under Rule 25. The Estate cannot insert itself at the appellate level to continue litigating a matter that it declined to pursue in the superior court.

> **2.      The Estate does not have standing to appeal the sanctions imposed against Triem.**

The Estate does not have "a 'sufficient personal stake' in the outcome of" the sanctions against Triem or "an interest which is adversely affected by the complained-of conduct."[32] The Estate will lose no money if judgment is enforced against Triem, nor will any of its legal interests be compromised. The Estate therefore lacks

---

[31]      We do not question our precedent which has allowed the superior court some flexibility in dealing with Rule 25 substitutions. *See, e.g.*, *Estate of Lampert Through Thurston v. Estate of Lampert Through Stauffer*, 896 P.2d 214, 216-18 (Alaska 1995) (affirming the superior court's decision to allow a tardy Rule 25 motion). But it is clear in this case that no valid substitution motion was filed.

[32]      *Keller v. French*, 205 P.3d 299, 304 (Alaska 2009) (first quoting *Ruckle v. Anchorage Sch. Dist.*, 85 P.3d 1030, 1040 (Alaska 2004), then quoting *Alaskans for a Common Language, Inc. v. Kritz*, 3 P.3d 906, 915 (Alaska 2000)).

standing to challenge the judgment against Triem, and we decline to consider the propriety of that judgment.[33]

## V.    CONCLUSION

We AFFIRM the superior court's order disqualifying Triem and its order dismissing the lawsuit for failure to substitute a party. We REVERSE the court's orders awarding summary judgment and attorney's fees against the Estate. We DISMISS the Estate's appeal of the order denying enforcement of the draft settlement agreement and the orders imposing sanctions against Triem.

---

[33]    Triem appealed the judgment against him, but the appeal was dismissed for failure to prosecute. *Triem v. Alaska Airlines, Inc.*, No. S-17679 (Alaska Supreme Court Order, Sept. 2, 2020). Our holding that summary judgment was improper also calls into question the propriety of granting attorney's fees under Rule 82. However, the superior court also justified its judgment against Triem under Rules 11 and 95. The superior court found that Triem's conduct in this case was egregious. The superior court determined that conduct to be worthy of sanction. We decline to reconsider the superior court's reasoning on this issue when there is no party before us with standing to contest the matter.