*Notice: This order is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.gov.*

In the Supreme Court of the State of Alaska

| | | |
|---|---|---|
| RICHARD K. BLUEL, Trustee of the Rodney K. Bluel Trust, | ) ) ) | Supreme Court No. S-18308 |
| Appellant, | ) ) | Superior Court No. 4FA-18-01975 CI |
| v. | ) ) | **Order Dismissing Appeal** |
| DIANE NIGG, as Trustee of Newman Supplemental Needs Trust, | ) ) ) | **Order No. 118 – April 28, 2023** |
| Appellee. | ) ) | |

Before:   Maassen, Chief Justice, and Borghesan and Henderson, Justices.  [Carney and Pate, Justices, not participating.]

This appeal arises out of a dispute between two trusts.  A trust may not represent itself in litigation; it must be represented by a licensed attorney.  In this matter appellant Rodney K. Bluel Trust is not represented by counsel. Although the alleged trustee, Richard K. Bluel, has attempted to represent the Bluel Trust, he may not do so because he is not a licensed attorney.  Because the Trust cannot proceed without counsel, we dismiss its appeal for lack of prosecution pursuant to Appellate Rule 511.5.[1]

In proceedings below the Newman Supplemental Needs Trust sought judicial foreclosure on a promissory note allegedly held by the Bluel Trust.  The proceedings reflected uncertainty by the superior court and parties over whom the

---

[1]   *See* Alaska R. App. P. 511.5(c) ("The court may, upon motion of a party or its own motion, dismiss an appeal for failure to comply with these rules, whether or not prior notice of default has been given.").

Newman Trust intended to sue: the Bluel Trust itself, with Richard K. Bluel named only in a representative capacity as trustee; Richard K. Bluel in his personal capacity due to his dealings as trustee; or both. The superior court issued an order deciding that the claims were against Richard Bluel in his personal capacity. The Newman Trust filed a motion for reconsideration that the superior court denied. The Newman Trust then petitioned for appellate review.

We granted the petition for review in part and issued a limited ruling.[2] We stated the following rule of law: "The law does not permit a non-lawyer trustee for an express trust to appear self-represented in the lawsuit in a representative capacity for the trust; the non-lawyer trustee must be represented by an attorney."[3] Because the paperwork filed with the petition did not give us enough information to apply this rule to the case at hand, we remanded for further proceedings consistent with our order.[4]

On remand the superior court granted the Newman Trust's motion to file an amended complaint. The amended complaint made it clear that the intended defendant was the Bluel Trust itself and that Richard Bluel was named only in his representative capacity as trustee, not in his personal capacity. The superior court issued a notice of intent to require the Bluel Trust to obtain legal representation. Although Richard Bluel appeared at a subsequent hearing and received notice of the court's order that the Bluel Trust must obtain legal representation, no attorney ever entered an appearance on behalf of the Bluel Trust.

The Newman Trust eventually moved for default against the Bluel Trust, serving notice on Richard Bluel. The superior court entered default against the Bluel Trust due to its failure to obtain legal representation and respond to the claims against

---

[2] *Diane Nigg, Tr. of the Newman Supplemental Needs Tr. v. Richard Bluel, Tr. of the Rodney Bluel Tr.*, No. S-17964 (Alaska Supreme Court Order, Feb. 1, 2021).

[3] *Id.*

[4] *Id.*

it.  The superior court entered final judgment against the Bluel Trust in the amount of $352,190.

Richard Bluel lodged a notice of appeal and appellate briefing on behalf of the Bluel Trust.  Richard Bluel's attempt to represent the Trust on appeal raises the same issue presented in the petition for review:  may a non-lawyer trustee appear self-represented on behalf of a trust in litigation?  The answer here is the same as before: no.

A non-lawyer trustee for an express trust may not provide legal representation to the trust, which is a distinct legal person.[5]  For example, the non-lawyer trustee may not file pleadings in court on behalf of the trust.  Instead, a non-lawyer trustee must obtain an attorney to represent the trust in litigation.  According to AS 08.08.210(a) "[a] person may not engage in the practice of law in the state unless the person is licensed to practice law in the state and is an active member of the Alaska Bar."  We have applied this statute in the past to hold "that a non-attorney may not represent another person in court" even when authorized to represent an entity in other capacities, for example by a power of attorney.[6]  Similarly the owner or member of a limited liability company (LLC) may not represent the LLC in court, because it would

---

[5]     *See, e.g.*, *Salman v. Newell*, 885 P.2d 607, 608 (Nev. 1994) (dismissing appeal brought by non-attorney trustee attempting to represent trust because trustee was not permitted "to represent any other person, a company, a trust, or any other entity" in court); *Back Acres Pure Tr. v. Fahnlander*, 443 N.W.2d 604, 605 (Neb. 1989) (holding that non-attorney trustee may not legally represent trust "because in this capacity such trustee would be representing interests of others and would therefore be engaged in the unauthorized practice of law"); *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 698 (9th Cir. 1987) (explaining there is no right under federal law for trustee to represent trust in litigation); *In re Ellis*, 487 P.2d 286, 290 (Haw. 1971) (holding non-attorney trustee who represented trust in litigation engaged in unauthorized practice of law); *Williams v. Glob. Constr. Co.*, 498 N.E.2d 500, 502 (Ohio App. 1985) (holding that non-attorney trustee cannot legally represent trust).

[6]     *Parlier v. CAN-ADA Crushing & Gravel Co.*, 441 P.3d 422, 423 (Alaska 2019); *see also Christiansen v. Melinda*, 857 P.2d 345, 346-47, 349 (Alaska 1993).

constitute unauthorized practice of law.[7]  Instead the LLC must be represented by an attorney.[8]

In this matter the superior court entered a default judgment against the Bluel Trust.  Because Richard Bluel is not a lawyer, he may not appear on behalf of the Bluel Trust in appealing that judgment.  His attempts to represent the Bluel Trust on appeal are invalid, and we decline to address the arguments in his briefing.[9]  Because the Trust has not taken any valid action to prosecute its appeal of the judgment against it, we dismiss the appeal.

Entered by direction of the court.

Clerk of the Appellate Courts

/s/
Meredith Montgomery

Distribution:

Email:
Bluel, Richard
Rolfe, Sandra Kay

---

[7]     *Parlier*, 441 P.3d at 423.

[8]     *Id.*

[9]     We note that Richard Bluel now asserts in briefing that he is not the trustee of the Bluel Trust.  If true, that would be an additional reason why he may not represent the Bluel Trust in litigation.  Yet we also note that on numerous occasions Richard Bluel represented to the superior court that he *was* the trustee of the Bluel Trust. Either way, we decline to consider his legal arguments on behalf of the Bluel Trust.